[No. B031787. Second Dist., Div. Six. Feb. 3, 1989.]

JESSE TREVINO, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD, POOL WELL
SERVICING et al., Respondents.

**COUNSEL**

William A. Herreras for Petitioner.

Zonni, Ginocchio & Taylor, Clair S. Huffman, Richard W. Younkin and Charles E. Finster for Respondents.

---

**OPINION**

**GILBERT, J.**—Here we review a decision of respondent Workers' Compensation Appeals Board (Board). The Board determined that applicant, who had sustained a disability while in a vocational rehabilitation program should be compensated at the rate ($70 a week) in effect at the time of the original industrial injury.

We conclude the Board erred. His compensation should have been at the rate ($140 a week) in effect at the time of the rehabilitation injury.

Applicant admittedly sustained industrial back injury on November 30, 1981, while employed by respondent Pool Well Servicing, insured by respondent Employers Casualty Company. The workers' compensation judge (WCJ) found in Board case No. 82 SBA 35093 that this industrial injury resulted in 16 percent permanent disability, payable at the indemnity rate of $70 a week.

Following the 1981 injury, applicant engaged in a vocational rehabilitation on-the-job training (OJT) plan. Beginning in February of 1984 he trained at two automobile body shops, Rick's for approximately one month, and Century for approximately four months. The training was designed to

give applicant experience to become a full-time employee. He was not paid wages or salary during the OJT, but he received from Employers Casualty, vocational rehabilitation temporary disability indemnity. The automobile body shops were also paid for their efforts to instruct applicant.

Applicant alleged that in July of 1984 he sustained cumulative injury to his back while working for Rick's and Century. He filed a claim for workers' compensation benefits in Board case No. 85 SBA 48054. He also filed a petition to reopen Board case No. 35093 against Pool Well and Employers Casualty, alleging the 1981 injury caused new and further disability.[1]

Both Dr. Guellich and Dr. Carr attributed applicant's disability to cumulative trauma while applicant was working for Rick's and Century in the OJT program. Dr. Guellich, reporting for defendants, attributed 50 percent of applicant's back disability to the 1981 injury and 50 percent to the "continuous trauma between 1982 and 1983 associated with Rick's Auto Body and Century Body Shop." Dr. Carr attributed 50 percent to the 1981 injury and concluded the "remaining 50% of his . . . disability should be apportioned to [applicant's] work at [Rick's] Body Shop and Century Body Shop as per the number of days worked for each employer. . . . [H]e worked at [Rick's] Body Shop for approximately 2 months to 8/83 or 9/83 and the Century Body Shop for approximately 5 months to 1/84. Repetitive bending, stooping and other physical stresses permanently worsened his condition until he was required to undergo surgery by 1/85."

In cases Nos. 48053 and 48054, the WCJ found applicant did not sustain an industrial injury. In case No. 35093, the WCJ granted reopening and found applicant sustained new and further permanent disability "of 54 %, equivalent to 272.5 weeks of disability indemnity at the rate of $70.00 per week." The WCJ also found there is no basis for apportionment.

The WCJ opined and reported on reconsideration applicant "has sustained new and further disability . . . due to an injury in rehabilitation pursuant to *Rodgers*. This is not a new injury (*Rodgers*). The rate of Compensation therefore relates back to the date of the original injury as in the case of an injury on the way to industrial medical treatment." (*Rodgers* v. *Workers' Comp. Appeals Bd.* (1985) 168 Cal.App.3d 567 [214 Cal.Rptr. 303].)

The WCJ reported further he found "applicant sustained an injury . . . between July 18, 1983 and July 18, 1984 while undergoing rehabilitation,

---

[1] Applicant also filed a claim in Board case No. 85 SBA 48053 against Rolling Hills Farms for compensation for alleged injury to his left wrist and back while employed as a laborer in "10-82 to 2-83." By a letter dated April 22, 1988, counsel for Rolling Hills Farms advised this court that "As the petitioner has not alleged any issues involving [case No. 48053] in its Petition for Review, we will not be filing an Answer to the same."

but that this was not a new injury, but was, in fact, a compensable consequence of the specific injury of November 30, 1981 (35093). Therefore, the [WCJ] found that the 'new' injury and disability was compensable not in the filing (48054); but in the old specific injury case (35093) and that the disability was compensable at the rate in effect at the time of the original injury, $70.00 per week."

` The WCJ also reported that under *Rodgers,* injuries arising during rehabilitation are a compensable consequence of the underlying injury and the insurer in the underlying case is responsible therefore, but *Rodgers* "did not reach the issue of at what rate this compensable consequence should be paid." The WCJ rejected applicant's reliance on a decision reported in California Compensation Cases because it was an unpublished opinion of the Court of Appeal and thus not a properly citable authority.

The WCJ stated that even if this decision was properly citable, the result would not change. The WCJ reasoned that just because a rehabilitation injury is a new injury for statute of limitations purposes, it does not necessarily mean it is a new injury for purposes of the compensation rate. The WCJ noted the Board's decision in *Gray* v. *Moss Lighting* (1978) 43 Cal.Comp.Cases 586 (in bank). In *Gray* an insurer could not be made to pay compensation at a temporary disability rate higher than the rate in effect during its policy of insurance. Requiring the insurer here to pay indemnity at the 1984 rate ($140 a week) would double the 1981 rate ($70 a week) contracted for in 1981.

Finally, the WCJ reported that *Nuelle* v. *Workers' Comp. Appeals Bd.* (1979) 92 Cal.App.3d 239 [154 Cal.Rptr. 707], relied upon by applicant, does not mandate a contrary result since *Nuelle* only holds that where separate injuries occur and become permanent and stationary at the same time, the rate in effect at the date of the last injury controls all permanent disability payments. The WCJ concluded that "since in the instant case there was no new injury, but merely a compensable consequence of the first injury[,] *Nuelle* is inapposite."

The Board unanimously adopted the reasons stated in the WCJ's report and denied reconsideration.

The appellate court in *Rodgers* v. *Workers' Comp. Appeals Bd., supra,* 168 Cal.App.3d 567, held that the employer and insurer at the time of the original industrial injury were obligated to pay compensation benefits for an injury sustained in a rehabilitation program undertaken pursuant to the original injury. The court (pp. 572-574) referred to the public policy of encouraging employees to enroll in rehabilitation training and to the statu-

tory and contractual duties of the employer to make rehabilitation accessible so that injured employees might reenter the work force as soon as practicable. The court observed (*ibid.*) that provisions of the Workers' Compensation Act are to be liberally construed in favor of extending benefits to the injured worker, noting the Supreme Court has repeatedly recognized that a rule of liberal construction should be applied to all aspects of workers' compensation law. (Cal. Const., art. XIV, § 4; Lab. Code, § 3202; *Webb* v. *Workers' Comp. Appeals Bd.* (1980) 28 Cal.3d 621, 626-627 [170 Cal.Rptr. 32, 620 P.2d 618]; *Industrial Indemnity Co.* v. *Workers' Comp. Appeals Bd.* (1985) 165 Cal.App.3d 633, 637-638 [211 Cal.Rptr. 683]; see *Johnson* v. *Workers' Comp. Appeals Bd.* (1984) 37 Cal.3d 235, 241 [207 Cal.Rptr. 857, 689 P.2d 1127] [". . . section 3202 'requires the courts to view the [Workers' Compensation Act] from the standpoint of the injured worker, with the objective of securing for him the maximum benefits to which he is entitled.' "].)

Within this framework of employer duties and public policy, the court in *Rogers* held "applicant's original industrial injury was the proximate cause of his rehabilitation injury within the meaning of section 3600." (*Rodgers* v. *Workers' Comp. Appeals Bd., supra,* 168 Cal.App.3d at p. 575.) Labor Code section 3600 establishes employer liability for workers' compensation benefits without regard to negligence for any injury sustained by an employee arising out of and in the course of the employment.

In the instant case, the WCJ and Board used the *Rodgers* case to conclude that applicant's injury in rehabilitation training was not a new injury for the purposes of determining the rate of permanent disability. *Rodgers* held the injury in rehabilitation was causally connected to the original injury so as to obligate the original employer and insurer to pay compensation for the injury sustained by the employee while engaged in a rehabilitation program. *Rodgers* did not hold that where there is a new rehabilitation injury, additional disability payments must relate back to the date of the original injury for the purpose of applying the appropriate disability indemnity rate.

■ The WCJ and Board should have awarded indemnity for the permanent disability resulting from the cumulative injury in rehabilitation training at the rate in existence at the time of the rehabilitation injury (Lab. Code, § 4453, subd. (b)), rather than at the time of the original specific injury. The WCJ's reliance on the purported hardship that would result to the insurer in paying indemnity at the higher rate as justification for assessing indemnity at the lower rate is unpersuasive when balanced against the employer's rehabilitation duties and the public policy of securing maximum rehabilitation benefits to an injured employee. (*Johnson* v. *Workers' Comp. Appeals Bd., supra,* 37 Cal.3d at p. 241; *Webb* v. *Workers'*

*Comp. Appeals Bd., supra,* 28 Cal.3d at pp. 626-627; *Rodgers* v. *Workers' Comp. Appeals Bd., supra,* 168 Cal.App.3d at pp. 572-574; *Industrial Indemnity Co.* v. *Workers' Comp. Appeals Bd., supra,* 165 Cal.App.3d at pp. 637-638.)

Consequently, the Board's order denying reconsideration must be annulled and the matter remanded to the Board for application of the rate of permanent disability indemnity for the rehabilitation injury in existence at the time of the rehabilitation injury. The Board shall also consider whether to combine or apportion the disabilities from the original specific injury and the rehabilitation cumulative injury. (See *Wilkinson* v. *Workers' Comp. Appeals Bd.* (1977) 19 Cal.3d 491 [138 Cal.Rptr. 696, 564 P.2d 848]; *Nuelle* v. *Workers' Comp. Appeals Bd., supra,* 92 Cal.App.3d 239.)

On remand the Board shall make an award of costs incurred by Jesse Trevino in prevailing in this review proceeding. (Cal. Rules of Court, rule 26; *Johnson* v. *Workers' Comp. Appeals Bd., supra,* 37 Cal.3d at p. 243.)

The December 9, 1987, order denying reconsideration is annulled, and the matter is remanded to the Workers' Compensation Appeals Board for further proceedings consistent with the views herein.

Stone (S. J.), P. J., and Abbe, J., concurred.

The petition of respondent Workers' Compensation Appeals Board for review by the Supreme Court was denied May 4, 1989. Kaufman, J., was of the opinion that the petition should be granted.