[No. A059000. First Dist., Div. Two. July 14, 1993.]

RICHARD M. NEWTON, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and CAL-WOOD
DOOR/WEYERHAEUSER CLAIMS, Respondents.

COUNSEL

Rich Meechan for Petitioner.

William B. Donohoe and Dennis M. Kuba for Respondents.

OPINION

**PHELAN, J.**—Petitioner Richard M. Newton (applicant) seeks review of the decision of respondent Workers' Compensation Appeals Board (Board) that his claim for workers' compensation benefits for a psychiatric injury allegedly sustained due to problems encountered while participating in a vocational rehabilitation (VR) program implemented by respondent employer Cal-Wood Door/Weyerhaeuser Claims (employer) is precluded by the statute of limitations.

We hold that applicant's alleged psychiatric injury is not barred by the five-year statutory time limitations on the Board's continuing jurisdiction

under Labor Code[1] sections 5410 and 5804. We further hold that applicant's psychiatric claim for statute of limitations purposes is a new injury claim, subject to the time limitations set forth in section 5405, even though for purposes of liability it will relate back to the original industrial injury if found compensable on remand.

## BACKGROUND

Applicant sustained an industrial injury to his back on March 10, 1987, while working for employer as a production woodworker. Workers' compensation benefits were provided. On January 10, 1990, findings and an award issued. A permanent disability award of 22½ percent and a provision for future medical treatment for the back were provided.

Applicant participated in VR from approximately September 1988 until October 1990. The record before this court is very sparse regarding what transpired in VR during these two-plus years. The records documenting the proceedings before the rehabilitation bureau are not included in the official Board record. We can discern from the record, however, that applicant experienced several complications while in VR, including a change of attorneys and a change of VR counselors on at least two occasions, and a change in VR plans on at least one occasion.

In October 1990, applicant states he suffered a psychiatric decompression and was hospitalized at Oakcrest Hospital and diagnosed as suffering from major depression.[2] Applicant claims that the psychiatric injury leading to his hospitalization was caused by his experiences in VR. At or around the same time that applicant was hospitalized, the parties, including employer, were contacted and informed that applicant was no longer participating in VR because he was receiving psychological treatment, ostensibly due to the difficulties experienced with the VR process. Employer claims it was unable to determine whether it would accept liability for applicant's psychiatric problems due to applicant's refusal to cooperate with employer's investigation. Applicant would not release medical records from his treating psychiatrist.[3] On October 1, 1991, employer filed a petition for an order to produce medical records. On December 18, 1991, the workers' compensation judge (WCJ) denied employer's request for an order of disclosure, indicating that good cause had not been shown. Employer did not petition the Board for reconsideration.

---

[1]All further statutory references are to the Labor Code unless otherwise specified.

[2]There is no medical documentation in the record to support this contention. However, the issue is not before the court on review and is not pertinent to the result herein.

[3]The record is silent regarding any reason regarding applicant's failure to cooperate with employer's investigation.

On March 27, 1992, beyond the five-year anniversary date of his back injury, applicant filed a petition to reopen the original findings and award. Without explanation, applicant alleged that his "psychiatric difficulties were direct result of his earlier industrial" experiences and his participation in VR.[4] On April 18, 1992, employer filed a motion to dismiss applicant's petition to reopen. Employer argued that the Board did not have jurisdiction because applicant's petition was filed more than five years from the date of injury and, thus, was barred under sections 5410 and 5804.

The matter proceeded to conference before the WCJ on May 5, 1992. The WCJ did not address the merits, but ordered "that Applicant's Petition to Reopen filed March 27, 1992 be and the same is hereby granted," citing *Trevino v. Workers' Comp. Appeals Bd.* (1989) 207 Cal.App.3d 1012 [255 Cal.Rptr. 162] (*Trevino*).

Employer petitioned for reconsideration on May 28, 1992, contending that the WCJ misinterpreted *Trevino, supra*. Rather, argued employer, applicant's claim for psychiatric injury was barred by sections 5410 and 5804. On June 8, 1992, the WCJ submitted his report on reconsideration to the Board, recommending that the Board deny employer's petition, citing *Trevino* and an unpublished appellate decision from the Sixth District, *Jones v. Workers' Comp. Appeals Bd.* (1985) 50 Cal.Comp.Cases 613.[5] The WCJ stated, as follows: "It was felt that if applicant's alleged new injury was the result of the [VR] being furnished by [employer] that it would be a compensable consequence of the original injury and that the date of injury would be the date of new injury."

On July 27, 1992, the Board granted reconsideration and issued its opinion, rescinding the WCJ's findings. The Board held that applicant's claim for psychiatric injury was untimely under sections 5410 and 5804 and therefore barred by the statute of limitations.[6]

---

[4]Counsel for applicant further alleged, as follows: "The applicant was hospitalized for a period of time at Sonoma County Mental Health and since that time, has been undergoing psychological therapy. At this time medical discovery has not been undertaken, as it has been difficult to get the cooperation of the applicant in his present condition. [¶] Wherefore, the applicant respectfully requests that the above captioned case be reopened and that new and further disability be awarded according to proof."

[5]In *Jones, supra*, 50 Cal.Comp.Cases 613, the court held that the date of a subsequent injury occurring in VR was the determinative date for statute of limitations purposes.

[6]As pertinent, The Board opined: "In his Petition to Reopen, applicant asserts that he has suffered 'psychological decompensation' as a direct result of his earlier industrial injury. Because applicant's Petition to Reopen seeks to collect further compensation on the grounds that the original injury has caused new and further disability in the form of 'psychological decompensation,' we believe that applicant's claim is governed by the statutorial

## DISCUSSION

█ Preliminarily, employer argues that the instant petition for writ of review should be summarily denied on the grounds that applicant failed to serve the Board as required by California Rules of Court, rule 57(a).[7] Applicant does not list the Board on his proof of service. Failure to comply with the service requirements of rule 57(a), however, does not per se deprive the court of jurisdiction to entertain a petition for writ of review. (*Mercer-Fraser Co.* v. *Industrial Acc. Com.* (1953) 40 Cal.2d 102, 128 [251 P.2d 955].) Here, although the record is not clear when service was effectuated, the Board was served. On October 7, 1992, it filed its standard form letter advising the court that it would not submit an answer. Under these circumstances, we are not disposed to summarily deny applicant's petition merely on nonprejudicial, technical grounds. (See *ibid.*; see also *Litzmann* v. *Workmen's Comp. App. Bd.* (1968) 266 Cal.App.2d 203, 205 [71 Cal.Rptr. 731] [strong public policy in favor of hearing cases on their merits and against denial because of technical noncompliance].)

We also reject employer's other preliminary argument as a matter of law. Employer contends that applicant's petition should be summarily denied pursuant to section 5950 because the petition was filed on the 50th day after the Board decision. Although the section 5950 requirement that a petition for writ of review be filed within 45 days of the Board's decision is now mandatory, without exception under Code of Civil Procedure section 1013, subdivision (a), this court has jurisdiction in the instant matter to hear applicant's petition because it was filed on September 14, 1992, before the Supreme Court's decision in *Camper* v. *Workers' Comp. Appeals Bd.* (1992) 3 Cal.4th 679 [12 Cal.Rptr.2d 101, 836 P.2d 888] was final. (*Id.*, at p. 690 [mandatory 45-day jurisdictional requirement under § 5950 not applied retroactively].)

We turn now to the merits.

---

requirements set forth in Labor Code sections 5410 and 5803-5804. That is, applicant's claim that he has sustained a compensable consequence of his earlier injury [*Rodgers* v. *Workers' Comp. Appeals Bd.* (1985) 168 Cal.App.3d 567 (214 Cal.Rptr. 303)] is subject to the five-year statute of limitations. [¶] . . . Insofar as the Petition to Reopen was filed more than five years after the date of injury, [it] is barred by the statute of limitations and the WCJ erred in finding that applicant sustained a new injury and granting the Petition to Reopen. Further, we believe that the case of [*Trevino*] can be factually distinguishable from the present matter. In [*Trevino*], a timely Petition to Reopen was filed by the [injured employee]."

[7]Rule 57(a) provides, as pertinent: "A petition to review an order or award of the [Board] shall be accompanied by proof of service of two copies thereof on the [Board] and one copy upon each party who entered an appearance in the action before the [Board] and whose interest therein is adverse to the party filing the petition."

### 1. *Vocational Rehabilitation*

The Legislature enacted section 139.5[8] to encourage injured employees to enroll in VR training by maintaining financial support to help defray their expenses while participating in such programs and to place on employers the primary duty to make VR promptly available in order to enable injured employees to reenter the work force as soon as practicable. (*Webb* v. *Workers' Comp. Appeals Bd.* (1980) 28 Cal.3d 621, 628 [170 Cal.Rptr. 32, 620 P.2d 618]; *Rodgers* v. *Workers' Comp. Appeals Bd.* (1985) 168 Cal.App.3d 567, 572 [214 Cal.Rptr. 303] (*Rodgers*).) Section 139.5 is to be liberally construed in favor of extending compensation benefits to injured employees, including VR benefits. (Cal. Const., art. XIV, § 4; § 3202; *Webb*, *supra*, at pp. 626-627; *Rodgers*, *supra*, at p. 573.) Administrative regulations adopted to implement section 139.5 and sections 133, 138.4, and 5307.3 reiterate the employer's primary duty to provide VR services; to develop a VR plan for the employee; and to pay VR indemnity benefits to the employee. (Cal. Code Regs., tit. 8, § 10001 et seq.) Whether an employee participates in VR is voluntary. (Cal. Code Regs., tit. 8, § 10004.)

*VR Injury Is "New" Injury, as Well as Compensable*
*Consequence of Original Injury*

In *Rodgers*, *supra*, 168 Cal.App.3d 567, the Court of Appeal annulled a Board decision which denied workers' compensation benefits to an employee who reinjured his back while participating in VR after he had released the right to all future ordinary benefits from the original industrial back injury in a compromise and release. The court held that an injury occurring while engaged in VR training necessitated by an industrial injury is a compensable consequence of the original injury which gave rise to the right to VR and, thus, the injured employee was entitled to compensation benefits for the VR injury from the original employer and insurer. (*Id.*, at pp. 574-575.) Although not the employee's usual employment activities, those in VR were "nevertheless related to the employment in the sense that they were necessary and reasonable activities incident thereto." (*Id.*, at p. 574.)

Contrary to employer's insistent claim herein, *Rodgers* further held that although the VR injury was deemed referable to the original injury for

---

[8]Section 139.5 provides, as pertinent: "(a) The administrative director shall establish within the Office of Benefit Determination a vocational rehabilitation unit, which shall include appropriate professional staff, and which shall have the following duties: [¶] (1) To foster, review, and approve vocational rehabilitation plans developed by a qualified rehabilitation representative of the employer, insurer, state agency, or employee. [¶] (2) To develop rules and regulations . . . . [¶] (3) To coordinate and enforce the implementation of vocational rehabilitation plans. [¶] (4) To develop a fee schedule . . . . [¶] (5) To develop standards . . . for governing the timeliness and the quality of vocational rehabilitation services."

liability purposes, it was a separate or new incident. (*Rodgers, supra,* 168 Cal.App.3d at pp. 574-575.) Thus, a compromise and release as to normal benefits was not a bar to the injured employee's entitlement to compensation benefits for the new VR injury. (*Ibid.*)

Here, applicant agreed to participate in the employer-provided VR training program at Specialized Computer Services with the objective of eventual job placement as a computer repair person or electronic technician. It was during his participation in this program that the psychiatric injury is alleged to have occurred. Although applicant's alleged injury, if found compensable, is a consequence of the original injury for liability purposes, it is, nonetheless, a new and independent incident for statute of limitations purposes. (*Trevino, supra,* 207 Cal.App.3d 1012, 1016; *Rodgers, supra,* 168 Cal.App.3d at pp. 574-575.)[9] The issue to be resolved in this case is which statutory time limitation governs the alleged new injury.

## 2. Statute of Limitations

As a prefatory note, we observe that the statute of limitations provisions in the Labor Code must be liberally construed in favor of the injured employee and that such enactments should not be interpreted in a manner which results in loss of compensation unless otherwise compelled by specific statutory language. (*Zurich Ins. Co. v. Workmen's Comp. Appeals Bd.* (1973) 9 Cal.3d 848, 852 [109 Cal.Rptr. 211, 512 P.2d 843], citing § 3202;[10] *Fruehauf Corp. v. Workmen's Comp. App. Bd.* (1968) 68 Cal.2d 569, 577 [68 Cal.Rptr. 164, 440 P.2d 236].)

Section 5405 sets forth the basic time limitations for filing an application for workers' compensation benefits and invoking the Board's *original* jurisdiction for new injury claims. It provides that the statute of limitations for normal benefits (medical and disability) is one year from any of the following dates that results in the longest period: (a) the date of the injury; (b) the

---

[9] In *Trevino, supra,* 207 Cal.App.3d 1012, the court took *Rodgers, supra,* one step further. The *Trevino* court annulled a Board decision which, relying on *Rodgers,* had concluded that the injured employee's injury in VR was not a new injury for purposes of determining the rate of permanent disability indemnity. Rather, *Trevino* held that where there is a new VR injury, *Rodgers* did not require that the new or additional disability payments relate back to the date of the original injury for the purpose of applying the appropriate disability indemnity rate. (*Trevino, supra,* at p. 1016.) The court in *Trevino* noted the Board's "reliance on the purported hardship that would result to the insurer in paying indemnity at the higher rate." (*Ibid.*) However, it emphasized that when balanced against the employer's VR duties and the public policy of securing maximum VR benefits to an injured employee, said hardship is not justification for assessing indemnity at the lower rate. (*Ibid.*)

[10] Section 3202 provides, as pertinent: "This division . . . shall be liberally construed by the courts with the purpose of extending their benefits for the protection of persons injured in the course of their employment."

date of the last indemnity payment for temporary or permanent disability; or (c) the date of the last furnishing of any medical or hospital benefits. (See generally, 2 Hanna, Cal. Law of Employee Injuries and Workers' Compensation (2d rev. ed. 1992) §§ 24.02, 24.03, pp. 24-8–24-26.)

Upon resolution of a claim initiated by an application, all further proceedings are governed under the Board's *continuing* jurisdictional powers set forth in sections 5405.5, 5410,[11] 5803,[12] 5804,[13] and 5805. (*Sanchez v. Workers' Comp. Appeals Bd.* (1990) 217 Cal.App.3d 346, 352-355 [266 Cal.Rptr. 21].) To invoke the Board's continuing jurisdiction, an appropriate pleading must be filed with the Board within five years from the date of injury. (§§ 5410, 5804.) Section 5410 bars the right of an injured employee to reopen a case more than five years from the date of injury to request new and further disability. Section 5804 states that the Board is without power to alter or amend an award later than five years from the date of injury unless the petition requesting it to do so is filed before expiration of the five years.

### A. *Date of New VR Injury Is Determinative for Statute of Limitations Purposes*

 In the matter before this court, applicant filed his alleged VR psychiatric injury claim in the form of a petition to reopen for new and further disability.[14] Because it was filed more than five years from the date of the underlying industrial back injury, the Board concluded that

[11]Section 5410 provides, as pertinent: "Nothing in this chapter shall bar the right of any injured worker to institute proceedings for the collection of compensation . . . within five years after the date of the injury upon the ground that the original injury has caused new and further disability . . . . The jurisdiction of the appeals board in these cases shall be a continuing jurisdiction within this period. . . ."

[12]Section 5803 provides, as pertinent: "The appeals board has continuing jurisdiction over all its orders, decisions, and awards made and entered under the provisions of this division, and the decisions and orders of the rehabilitation unit established under Section 139.5. At any time, upon notice and after an opportunity to be heard is given to the parties in interest, the appeals board may rescind, alter, or amend any order, decision, or award, good cause appearing therefor. [¶] This power includes the right to review, grant or regrant, diminish, increase, or terminate, within the limits prescribed by this division, any compensation awarded, upon the grounds that the disability of the person in whose favor the award was made has either recurred, increased, diminished, or terminated."

[13]Section 5804 provides, as pertinent: "No award of compensation shall be rescinded, altered, or amended after five years from the date of the injury except upon a petition by a party in interest filed within such five years . . . ."

[14]Although not articulated, the Board's barring of applicant's claim appears predicated in part upon the fact that applicant did not file a new, formal application for psychiatric injury but rather only a petition to reopen the original back injury claim for new and further disability. Granted, the appropriate and prudent procedure in these cases where liability and injury may be contested is to file both a new injury claim and a petition to reopen. However, informality of pleadings in workers' compensation proceedings has long been recognized.

the statutory time limitations on its continuing jurisdictional powers in sections 5410 and 5804 barred the claim. The Board further decided that the psychiatric claim was not a new injury claim. The Board's decision is erroneous on both counts.

As discussed previously, applicant's alleged psychiatric injury is not barred by the five-year time limitations in sections 5410 and 5804 because it is a new injury for statute of limitations purposes. (*Trevino, supra*, 207 Cal.App.3d 1012, 1016; *Rodgers, supra*, 168 Cal.App.3d 567, 574-575.) The Board's holding if allowed to stand would permit the statutory time limitations placed on its continuing jurisdictional powers to operate to bar a new injury before it occurs. Such results would be arbitrary and inequitable. It is the date of applicant's *new* psychiatric injury that determines the timeliness of his alleged claim for statute of limitations purposes.

### B. *New Injury Claim Is Subject to Statutory Time Limitations Pertaining to Board's Original Jurisdiction*

■■ ■■ Although applicant argues that he has five years from the date of the alleged VR injury to file the new claim because employer had notice in October 1990, his counsel did concede at oral argument that applicant's psychiatric injury claim is subject to the notice requirements and statutory time limitations governing the filing of an original claim for a new injury. (See §§ 5405, 5410,[15] 5412;[16] see generally 2 Hanna, Cal. Law of Employee Injuries and Workers' Compensation, *supra*, §§ 24.01-24.03[1],

(*Zurich Ins. Co.* v. *Workmen's Comp. Appeals Bd.*, *supra*, 9 Cal.3d 848, 852.) Technically deficient pleadings, if they give notice and are timely, normally do not deprive the Board of jurisdiction to hear a matter. (See *Bland* v. *Workmen's Comp. App. Bd.* (1970) 3 Cal.3d 324, 331-332 & see fn. 13 [90 Cal.Rptr. 431, 475 P.2d 663]; *Blanchard* v. *Workers' Comp. Appeals Bd.* (1975) 53 Cal.App.3d 590, 594-595 [126 Cal.Rptr. 187].)

Here, the only plausible function of applicant's petition to reopen was that he was seeking compensation benefits for the psychiatric injury. Employer clearly had notice that applicant suffered a psychiatric injury that he claimed to be the result of VR. Under these circumstances, a strict enforcement of procedural rules by the Board, when not required by law to do so, is unreasonable. (Cf. *Beaida* v. *Workmen's Comp. App. Bd.* (1968) 263 Cal.App.2d 204, 210 [69 Cal.Rptr. 516].) Applicant's petition to reopen for new and further disability serves as the functional equivalent of a new injury claim.

[15]When compensation has been furnished voluntarily and no formal claim of any kind has been filed previously, section 5410 also operates to allow five years from the date of injury for filing an *original* claim. (§ 5410; 2 Hanna, *op. cit. supra*, § 24.03[3][c], p. 24-15.) The one-year statute in section 5405, subdivision (a), is tolled from the last date benefits were voluntarily furnished by the employer and the five-year rule of section 5410 is in turn triggered. (*Standard Rectifier Corp.* v. *Workmen's Comp. App. Bd.* (1966) 65 Cal.2d 287, 290 [54 Cal.Rptr. 100].) Here, the record is silent regarding whether employer voluntarily provided any benefits in connection with the alleged psychiatric injury.

[16]Applicant suggests that his alleged psychiatric injury is cumulative in nature. The statute of limitations for a cumulative injury is one year from the date on which the employee first

pp. 24-5–24-10, § 24.03[3][c], pp. 24-15–24-17.) However, because they focused solely on the five-year continuing jurisdictional issue, neither party nor the Board adequately addresses the one and one-half year delay between the date applicant filed his claim on March 27, 1992, alleging psychiatric injury, and the date he was hospitalized in October 1990, which is the date that applicant alleges is the date of his psychiatric injury. The Board is directed to resolve these issues on remand.[17]

## CONCLUSION

 In summary, the Board erred as a matter of law in barring applicant's claim for psychiatric injury under sections 5410 and 5804. For statute of limitations purposes, applicant's alleged new injury is subject to the time limitations set forth in section 5405. On remand the Board is instructed to determine (1) the date that the alleged new injury occurred; (2) whether applicant's claim was timely filed because the one-year period was tolled; and (3) if so, whether a sufficient causal connection exists between applicant's participation in the employer-provided VR training and his alleged psychiatric injury to establish that the subsequent injury in fact was a compensable consequence of the original employment injury.

Accordingly, the Board's opinion and order granting reconsideration dated July 27, 1992, is annulled and the causes remanded for further proceedings consistent with the views expressed herein.

Kline, P. J., and Smith, J., concurred.

Respondents' petition for review by the Supreme Court was denied September 23, 1993.

---

suffered disability from the injury and either knew, or in the exercise of reasonable diligence should have known, that the disability was caused by his or her employment, or in the case of applicant, by his experience in VR. (§ 5412.) In other words, the "date of injury" for purposes of determining the commencement of the limitations period in a cumulative injury case is the concurrence of the date of first compensable disability and the date of the employee's knowledge of the injury's industrial relationship. (*Chevron U.S.A., Inc.* v. *Workers' Comp. Appeals Bd.* (1990) 219 Cal.App.3d 1265, 1271 [268 Cal.Rptr. 699].) These elements present questions of fact to be determined by the Board and the burden of proving them is on the employer. (*City of Fresno* v. *Workers' Comp. Appeals Bd.* (1985) 163 Cal.App.3d 467, 471 [209 Cal.Rptr. 463].) In general, an employee is not charged with knowledge that his or her disability is job-related without medical advice to that effect. (*Id.*, at p. 473.)

[17]On remand, if appropriate, the Board may be required to hear evidence pursuant to section 5408, which provides that the statute of limitations does not begin to run against a person who is "incompetent unless and until a guardian or conservator . . . is appointed" or the incompetency ceases. (See 2 Hanna, *supra*, § 24.05[2], p. 24-34.)