REINHOLD, Appellant, vs. INDUSTRIAL COMMISSION and others, Respondents.

*October 15—November 16, 1948.*

For the appellant there was a brief by *Hill, Beckwith & Harrington,* and oral argument by *William L. McCusker* and *D. V. W. Beckwith,* all of Madison.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondents St. Mary's Hospital and Employers Mutual Liability Insurance Company there was a brief by *Schubring, Ryan, Petersen & Sutherland* of Madison, and oral argument by *Robert J. Sutherland.*

WICKHEM, J.   The sole question here is whether there is substantial evidence to sustain a finding by the commission that plaintiff more than two years prior to her application knew or ought to have known the nature of her disability and its relation to her employment.   If there is, then plaintiff's claim for compensation is barred by the provisions of sec. 102.12, Stats., because there was "no application filed with the commission within two years from the date . . . the employee . . . knew or ought to have known the nature of the disability and its relation to the employment. . . .".   This necessitates an examination of the evidence before the commission.

Applicant entered student nurses' training at St. Mary's Hospital in Madison in September, 1937, and was in good health at the time, a tuberculin test during the summer of 1937 being negative and X rays in June of that year showing no evidence of tuberculosis.   A tuberculin test in July, 1939, was also negative.   In December, 1939, applicant was sent to Mt. St. Rose Tuberculosis Sanatorium in St. Louis, Missouri, as part of her training and she took care of tuberculous patients for seven weeks.   While there she had fluoroscopic examinations and a patch test and was told that the tests were negative.   About January 15, 1940, she left Mt. St. Rose and continued her training at Firmin Desloge General Hospital for a period of six weeks and at St. Mary's General Hospital at St. Louis for a period of three months. While at the Firmin Desloge Hospital she suffered with stomach cramps at the time of menstruation and associated this with the latter process.   In June, 1940, she returned as a student to St. Mary's in Madison.   At the end of June or

early July she reported chest pains and the doctor ordered X rays. She was hospitalized from August 5 to August 23, 1940, and informed that her condition was that of pleural effusion. No tuberculin test was made during this time nor was she informed that this condition was tuberculous in nature. In August, 1940, she went home for a month and then returned to St. Mary's, completing her training in October. In April, 1941, after continuance of abdominal pains she had exploratory surgery and was informed in May, 1941, that she had tuberculous peritonitis involving abdominal organs. She rested at home from April, 1941, to August, 1941, when she returned to the hospital for surgical removal of both Fallopian tubes and the left ovary because of tuberculous infection. The incision drained for one year. She did not return to work until about July, 1942, when she took a nursing position at Wisconsin General Hospital. She was given a physical examination there including X rays of the lungs and tuberculin tests and informed that she had pulmonary tuberculosis. She entered Lake View Sanatorium as a patient on September 25, 1942. In November, 1943, she had surgery for tuberculosis of the spine. She was discharged from Lake View Sanatorium on August 9, 1944. After that time she took a position for six months at RMR Corporation.

The application for compensation was received by the Industrial Commission on March 19, 1946. Applicant claims that she did not know that her tuberculosis was related to her employment until August, 1944. The commission found that applicant knew in August, 1941, that she had active tuberculosis and that at least by September 25, 1942, applicant knew that her employment at Mt. St. Rose Sanatorium was a source of contact with tubercle bacilli, because she gave a history to the attendant at Lake View Sanatorium of her contacts with tuberculous patients while in training as a student nurse. It was further found that by this time ap-

plicant knew or should have known the relation of her employment to her disability.

We are of the view that the evidence sustains these findings. By September of 1942, applicant knew the relationship of the employment to the disease as well as could be known by any patient who suffers from tuberculosis. The statute does not require absolute knowledge of this relationship but simply that the applicant know facts indicating its likelihood. She certainly knew as much in September, 1942, as she ever did know. What she probably did not know at that time is that she could get compensation. This is an error of law that we cannot relieve against. In *Trustees, M. R. Sanatorium v. Industrial Comm.* 224 Wis. 536, 542, 272 N. W. 483, this court said:

"What an employee thinks must be based on something more than suspicion and conjecture in order to start the running of the statute of limitations. Such thought must be based upon knowledge of, or upon reliable information regarding the nature of his disability and its relation to his employment. It is, of course, not necessary that the employee know the precise name employed by the medical profession to describe his disability, but he must have knowledge or an appreciation of the nature of his disability and its relation to his employment."

In that case the court held with the applicant because the applicant did not even know within the two years that she had tuberculosis and, indeed, had been assured by medical authorities that she did not have it. In this case applicant knew she had tuberculosis, at least as far back as 1941. She was a trained nurse and had a considerable professional understanding of the sources of tuberculosis and knew at that time that her only contacts with active tuberculosis were in the course of her employment for defendant. In the *Trustees Case, supra,* it was said that had applicant been told more than two years prior to her application that she had tuberculosis "a different situation would be presented." That is the situa-

tion here and a finding that applicant knew or should have known more than two years prior to the application the relation of her disabilty to her employment with defendant is supported by the evidence.

*By the Court.*—Judgment affirmed.

BROADFOOT, J., took no part.