[No. F004293. Fifth Dist. Jan. 7, 1985.]

CITY OF FRESNO, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and
ALBERT BERNELL JOHNSON, SR., Respondents.

## COUNSEL

Hanna, Brophy, MacLean, McAleer & Jensen, Daniel P. O'Brien and I. H. Hirsch for Petitioner.

John N. Kopsinis, Richard W. Younkin, William B. Donohoe and Alvin R. Barrett for Respondents.

## OPINION

HAMLIN, J.—This is a writ of review from a Workers' Compensation Appeals Board (board) order and denial of a petition for reconsideration. The order is that the two workers' compensation claims filed by Albert Bernell Johnson, Sr. (applicant) are not barred by the statute of limitations.

Labor Code[1] section 5405, subdivision (a), provides that an applicant for workers' compensation benefits must commence proceedings within one year from the date of injury. Under section 5412, the date of injury in case of cumulative injuries[2] is the date upon which the employee first suffered disability therefrom and either knew, or in the exercise of reasonable diligence should have known, that the disability was caused by his employment.

The primary question in this case is whether substantial evidence supports the board's conclusion that applicant's claims based on his heart problems were not barred by section 5412 even though filed more than one year after he formed the belief, without benefit of a medical diagnosis, that his disability was job related. We hold that substantial evidence supports the board's determination.

### THE FACTS

Applicant has completed three and one-half years of college. At the time he first suffered chest pain on December 21, 1980, he had been employed by the City of Fresno (city) for approximately 11 years as a department manager in charge of 5 people. After being hospitalized, he was found to have evidence of myocardial infarction. The city apprised him of his rights

---

[1]All further statutory references are to the Labor Code unless otherwise stated.

[2]Section 3208.1 provides: "An injury may be either: (a) 'specific,' occurring as the result of one incident or exposure which causes disability or need for medical treatment; or (b) 'cumulative,' occurring as repetitive mentally or physically traumatic activities extending over a period of time, the combined effect of which causes any disability or need for medical treatment. The date of a cumulative injury shall be the date determined under Section 5412."

to possible workers' compensation benefits. He "began believing" in early spring of 1981, without being so advised by any medical authority, that his heart problems were job related. On June 23, 1981, the city had him examined by Robert L. Duerksen, M.D., an internist and cardiologist. Dr. Duerksen in his report of July 1, 1981, opined that applicant's heart problems were not caused by his employment.[3] On July 22, 1981, the city, by written denial, gave the notices required by *Reynolds v. Workmen's Comp. Appeals Bd.* (1974) 12 Cal.3d 726 [117 Cal.Rptr. 79, 527 P.2d 631] and pertinent administrative rules.

Applicant filed his claims for workers' compensation benefits on July 9, 1982. The board determined applicant's claims were timely filed, computing the allowable one-year period from the date the city gave the required notices.

## DISCUSSION

### *Did the Board Properly Decide That Applicant Filed Timely Claims?*

The principles applicable to review of decisions of the Workers' Compensation Appeals Board are well established. ■ The board's decision must "state the evidence relied upon and specify in detail the reasons for the decision." (§ 5908.5.) Substantial evidence to support the decision is "measured on the basis of the entire record, rather than by simply isolating evidence which supports the board and ignoring other relevant facts of record which rebut or explain that evidence." (*Garza v. Workmen's Comp. App. Bd.* (1970) 3 Cal.3d 312, 317 [90 Cal.Rptr. 355, 475 P.2d 451].) "And if the evidence relied upon and the reasons stated for the decision do not support it, the decision must be annulled. [Citations omitted.]" (*City of Santa Ana v. Workers' Comp. Appeals Bd.* (1982) 128 Cal.App.3d 212, 219 [180 Cal.Rptr. 125].)

With these principles in mind, we begin by considering the board's statement of its reasons for finding the claims were timely filed. The board concluded that "knew" in section 5412 requires the employee to "[gain] knowledge that a medical expert is of the opinion that the disability in question is the result of cumulative trauma of the employee's work activities."[4] The board also stated that section 5412's "in the exercise of reason-

---

[3]Dr. Duerksen's opinion is the only medical evidence in the record which deals with the issue of causation.

[4]Several other board decisions suggest that medical reports are required to commence the statute of limitations. (*Barnett v. Elks' Club* (1933) 19 I.A.C. 71; *Thorpe v. Industrial Acc. Com.* (1937) 2 Cal.Comp.Cases 71; *Souza v. Industrial Acc. Com.* (1940) 5 Cal.Comp.Cases 226; *Van Dusen v. Standard Dyers & Finishers, Inc.* (1940) 6 Cal.Comp.Cases 66; *Tillotson Clay Products Co. v. Industrial Acc. Com.* (1952) 17 Cal.Comp.Cases 34.)

able diligence should have known" language requires an applicant to search existing medical records reasonably available and understandable by him.

■ Whether an employee knew or should have known his disability was industrially caused is a question of fact. (*Pacific Indem. Co.* v. *Industrial Acc. Com.* (1950) 34 Cal.2d 726, 729 [214 P.2d 530]; *Chambers* v. *Workmen's Comp. App. Bd.* (1968) 69 Cal.2d 556, 559 [72 Cal.Rptr. 651, 446 P.2d 531]; *Alford* v. *Industrial Accident Com.* (1946) 28 Cal.2d 198, 204 [169 P.2d 641]. See also 2 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation (2d ed. 1984) § 18.03[5][a].) ■ The court will not interfere with the board's factual findings if they are supported by substantial evidence or by reasonable inferences drawn from the testimony adduced. (*Morrison* v. *Industrial Acc. Com.* (1938) 29 Cal.App.2d 528, 533 [85 P.2d 186]; *Alford* v. *Industrial Accident Com.*, *supra*, at p. 204; *County of Los Angeles* v. *Workers' Comp. Appeals Bd.* (1982) 135 Cal.App.3d 567, 571 [185 Cal.Rptr. 419].) ■ The burden of proving that the employee knew or should have known rests with the employer. This burden is not sustained merely by a showing that the employee knew he had some symptoms. (*Chambers* v. *Workmen's Comp. App. Bd.*, *supra*, at p. 559; *Pacific Indem. Co.* v. *Industrial Acc. Com.*, *supra*, at p. 729; *Argonaut M. Co.* v. *Industrial Acc. Com.* (1937) 21 Cal.App.2d 492, 496-497 [70 P.2d 216], disapproved on other grounds in *Colonial Ins. Co.* v. *Industrial Acc. Com.* (1946) 29 Cal.2d 79 [172 P.2d 884].)

■ The Labor Code is to be liberally construed for the protection of persons injured in the course of their employment. (*Fruehauf Corp.* v. *Workmen's Comp. App. Bd.* (1968) 68 Cal.2d 569, 577 [68 Cal.Rptr. 164, 440 P.2d 236]; *Marsh* v. *Industrial Acc. Com.* (1933) 217 Cal. 338, 345-346 [18 P.2d 933, 86 A.L.R. 563]; § 3202.) The law is designed to protect workmen from economic insecurity. (*Ibid.*)[5] If statutes of limitation are subject to conflicting interpretations, one beneficial and the other detrimental to the employee, section 3202 requires that they be construed favorably to the employee. (*Colonial Ins. Co.* v. *Ind. Acc. Com.* (1945) 27 Cal.2d 437 [164 P.2d 490].)

The city urges that: (1) applicant's belief that his heart problems were job related triggered the one-year statute of limitations on his claims; and (2) the board erred in concluding that the statute of limitations does not start to run unless the applicant has gained knowledge that a medical expert is of the opinion that applicant's disability is the result of cumulative trauma

---

[5]This liberal construction must be viewed along with the policy requiring diligent prosecution of known claims. This insures that cases will be decided while the evidence is still available and memories are fresh.

caused from his work activities. We are not persuaded by the city's arguments under the facts of this case.

The general rules regarding the effect of medical advice on whether an applicant knew or in the exercise of reasonable diligence should have known his disability was caused by his employment are stated in 2 Hanna, California Law of Employee Injuries and Workmen's Compensation, *supra,* section 18.03[5][b]: "An employee clearly may be held to be aware that his or her disability was caused by the employment when so advised by a physician. Generally, until he receives such medical advice, he is not chargeable with knowledge of his condition and its relation to his work . . . ."

This language suggests that expert medical advice is necessary before an employee knows or should know that his injury is caused by his employment. However, Hanna points out: "Under some circumstances, an employee's knowledge of the disabling nature of his or her ailment may antedate actual medical diagnosis, as where he or she has some medical knowledge and training, or where he has declared that the work is detrimental to his health and may prove fatal." (*Ibid.*)

Case law interpreting section 5412 and similar legislative provisions in other states adds little to the rules set forth in 2 Hanna, California Law of Employee Injuries and Workmen's Compensation, *supra.*

There is no real disagreement that medical advice to an applicant for workers' compensation benefits that his disability was caused by his employment is sufficient to trigger the statute of limitations. (See *Hooker* v. *Workmen's Comp. Appeals Bd.* (1974) 36 Cal.App.3d 698, 704-705 [111 Cal.Rptr. 766].)

However, in some cumulative injury cases a medical opinion that the applicant's disability is work related is not necessary to support a finding that an applicant, in the exercise of reasonable diligence, should have known of that relationship. (See, e.g., *Alford* v. *Industrial Accident Com., supra,* 28 Cal.2d 198 [inferring knowledge of employment connection with disability from the applicant's request to be relieved of plant work because he believed it was detrimental to his health and might be fatal]; *Reinhold* v. *Industrial Commission* (1948) 253 Wis. 606 [34 N.W.2d 814] [barring nurse's disability from tuberculosis because doctors informed her that she had tuberculous peritonitis five years before she filed her claim; her knowledge of the sources of tuberculosis and that her only contacts with active tuberculosis were in the course of her employment were determinative]; *Chambers* v. *Workmen's Comp. App. Bd., supra,* 69 Cal.2d 556 [long continued work in a dust-filled room of a boring mill with ventilation coming

only from the windows and doors and without a breathing apparatus did not trigger the statute of limitations on his emphysema disability; it was only when the applicant read an article, less than one year before he filed his application, that dust inhalation could cause emphysema that in the exercise of reasonable diligence he should have known his emphysema was industrially caused].)

There are other cases in which the courts have concluded that until the applicant receives medical advice of the relationship between his disability and his employment the statute of limitations does not begin to run. (See, e.g., *Pacific Indem. Co.* v. *Industrial Acc. Com.*, *supra*, 34 Cal.2d 726; *Associated Indem. Corp.* v. *Ind. Acc. Com.* (1945) 71 Cal.App.2d 820 [163 P.2d 771].)

At least one court has concluded that the applicant's belief that his disability was job related does not trigger the statute of limitations unless that belief was based on a medical opinion. (*Smith* v. *Federated Metals Corporation* (1939) 235 Mo.App. 297 [133 S.W.2d 1112].)

█ We glean from these authorities the rule that an applicant will not be charged with knowledge that his disability is job related without medical advice to that effect unless the nature of the disability and applicant's training, intelligence and qualifications are such that applicant should have recognized the relationship between the known adverse factors involved in his employment and his disability.

We turn now to an examination of the facts of this case in light of what we believe to be the applicable rule. Applicant enjoyed his work and did not believe it was stressful. However, he did form the belief more than one year before he filed his application for workers' compensation benefits that his cardiac problems were job related. He also discussed his claim with the claims person for the city. Applicant's belief that his disability was work related was not based on any medical advice. In fact, the only medical opinion on causation stated applicant's disability was not job related. That opinion was expressed in a report furnished about six months after applicant suffered his disability.

Under these circumstances we conclude there is substantial evidence to support the board's decision that applicant was not chargeable with knowledge that his disability was work related. Applicant did not have the training or qualifications to recognize the relationship between the known adverse factors involved in his employment and his disability. Applicant's expression of the belief, shared by most disabled employees, that his employment caused his disability does not mandate a contrary conclusion. Thus, the one-

year limitation period commenced with the city's July 22, 1981, denial-of-benefits letter; applicant's claim was filed on July 9, 1982, a date within that period. The city failed to meet its burden under section 5412 of proving that applicant knew or should have known that his disability was job related. To conclude otherwise would defeat the declared public policy that the Labor Code will be liberally construed to protect persons injured in the course of their employment. (§ 3202.)

Our decision on this issue makes it unnecessary to consider the other contentions of the parties, including the issues on which this court requested supplemental briefing.

The opinion and order denying reconsideration is affirmed and the writ is discharged.

Franson, Acting P. J., and Hanson (P. D.), J., concurred.