*882
 
 Opinion
 

 NOTT, J.
 

 Michael Galloway petitions for a writ of review following the grant of a petition for reconsideration that was decided in favor of respondent Washington Ornamental Ironworks, Inc. (Ironworks) and respondent Insurance Company of the-West (Insurer).
 

 The central question before us is whether the failure of respondents to comply with the notice provisions of the California Code of Regulations tolls the statute of limitations for an employee to file a workers’ compensation claim. Under the facts presented, we hold that it does.
 

 Facts and Procedural History
 

 For a number of years, Galloway was employed as an ironworker with several employers, including Ironworks. While working for Ironworks in September of 1991, he fell and injured his elbow. He had corrective surgery and received workers’ compensation benefits for that injury.
 

 Galloway selected Dr. John Kayvanfar as the qualified medical examiner to examine him and evaluate his status following the surgery. During the examination, Galloway complained of ongoing neck pain. Dr. Kayvanfar performed a magnetic resonance imaging test on Galloway’s neck. The test was positive. Dr. Kayvanfar’s subsequent report in March or April of 1992 found no ongoing elbow disability, but did find a neck injury caused by continuous industrial trauma. Insurer objected to the preliminary rating report in that Galloway had made no claim for a neck injury. As a result, a rating was made by the disability evaluation unit, a copy of which was sent to Galloway.
 

 On March 29 and April 1, 1993, Galloway, who was not represented by counsel, telephoned Insurer to discuss his status. He spoke to Claudia Carrillo, a claims representative. Carrillo’s notes of those conversations show that Galloway was under the impression that his neck problems occurred at the time he hurt his elbow, and were thus part of the claim for the elbow injury. Carrillo told him that Dr. Kayvanfar said the neck pain was a result of continuous trauma. Carrillo did not respond to Galloway’s question as to whether he should retain an attorney.
 

 On April 1, 1993, Carrillo sent Galloway a letter warning him that he had not yet made a claim for any problems relative to the neck. The letter included a claim form for Galloway to fill out. On June 10, 1993, Carrillo sent a follow-up letter stating that since Galloway had not filed a claim for
 
 *883
 
 a neck injury, there could be no compensation benefits. Neither of the two letters contained any statement relative to what time limits were involved in making a claim.
 

 Galloway discussed this matter with an attorney after a chance meeting at an ironworkers picnic in the latter part of 1994. Galloway testified that he never saw Dr. Kayvanfar’s report until meeting with that attorney in November of 1994. Until the report was explained to him, he had always thought that the increased neck pain was related to the elbow injury, and did not know it could be the basis of a separate claim. He did not recall the telephone conversations with Carrillo or receiving the April 1 letter from Insurer.
 
 [1]
 
 On November 11, 1994, Galloway filed a claim for the neck injury.
 

 Galloway also testified that he had only a sixth grade education and could only read and comprehend basic information; that he had always had neck pain during his employment as an ironworker, but the pain was worse after the elbow injury; that he did not understand that injuries could occur as a result of cumulative trauma rather than from a specific incident; that he returned to work five months after the elbow surgery, and worked on a sporadic basis depending on the needs of the employer; and that he did not mention his worsening neck pain to his employers because he needed to complete a few more years until he could retire. Further, Galloway was represented by counsel when he filed a workers’ compensation claim in 1989 for lung injuries suffered when he inhaled noxious fumes. He was in the hospital for 15 days and was off work for one year due to that event.
 

 A hearing was eventually held before a workers’ compensation judge (WCJ) on Galloway’s claim for neck injury. The sole issue presented was whether the claim was barred by the one-year statute of limitations. The WCJ found that Ironworks and Insurer were estopped from asserting the statute of limitations because Galloway was not appropriately advised of his rights under the Labor Code.
 

 Insurer filed a petition for reconsideration with the Workers’ Compensation Appeals Board (WCAB). In a two-to-one decision, the WCAB found that Galloway knew or should have known of the compensable nature of his neck injury more than one year prior to the date he filed his claim, and that Insurer should not be estopped from asserting the statute of limitations as a defense. The dissent argued that there was insufficient evidence to establish that the statute of limitations commenced prior to the time Galloway filed the neck claim; and that in any event, Galloway worked for Ironworks in 1994, making his claim for cumulative injury timely.
 

 
 *884
 
 Issues on Appeal
 

 The issues here are twofold. First, when did the statute of limitations begin to run? Second, was the statute of limitations tolled?
 

 Discussion
 

 1.
 
 Relevant Statutes and Case Law
 

 Under Labor Code section 5405, a claim for workers’ compensation benefits must generally be filed within one year of either the date of injury or the last date that specified benefits were provided.
 

 Labor Code section 5412 provides that “[t]he date of injury in cases of occupational diseases or cumulative injuries is that date upon which the employee first suffered disability therefrom and either knew, or in the exercise of reasonable diligence should have known, that such disability was caused by his present or prior employment.”
 

 Labor Code section 138.4 requires that rules and regulations are to be developed to provide the employee, upon the employer’s notice of injury to such employee, with notice of benefits and procedures to be followed. Those rules and regulations applicable to this matter are set forth in California Code of Regulations, title 8, section 9882 (hereafter sometimes referred to as section 9882), which states, in pertinent part: “(a)
 
 Within five working days
 
 of notice or knowledge of any injury, the employer shall advise the employee of the compensation to which he or she may be entitled and the rights, benefits, and obligations under the workers’ compensation law. [¶] (b)
 
 The advice shall be in writing,
 
 in non-technical terms available in both English and Spanish,
 
 and shall include
 
 the following information: [¶] (1) An explanation of an injured employee’s rights to medical care and to select or change the treating physician, [¶] . . . [¶] (5) An explanation of the procedures for claiming compensation,
 
 time limits for filing a claim,
 
 and methods to resolve disputes . . . .” (Italics added.)
 

 In the event that the employer fails to give adequate notice, the one-year statute of limitations is tolled until the employee has such notice.
 
 (Reynolds
 
 v.
 
 Workmen’s Comp. Appeals Bd.
 
 (1974) 12 Cal.3d 726, 730 [117 Cal.Rptr. 79, 527 P.2d 631].)
 

 Reynolds,
 
 which appears to be right on point with the present case, involved a worker who suffered a heart attack during his employment. He was off work for a year, and personally paid for all of the medical expenses
 
 *885
 
 associated with the illness. Neither the employer nor the employer’s insurer advised Reynolds of the potential for him to receive workers’ compensation benefits. In December of 1970, nearly three years later, a relative suggested Reynolds might be entitled to such benefits. Reynolds contacted an attorney and filed a claim in January of 1971. The referee found that Reynolds did not know of the connection between the heart attack and his employment until late 1970. On reconsideration, the WCAB held that appellant knew or should have known that his employment contributed to the heart attack at the time it occurred, and therefore the claim was barred by Labor Code sections 5404 and 5405.
 

 The Supreme Court reversed, holding that the failure to comply with the relevant sections of title 8, chapter 4.5 of the California Code of Regulations
 
 [2]
 
 prevented the employer from raising the technical defense of the statute of limitations.
 

 Of special significance is the fact that at the time
 
 Reynolds
 
 was published, the employer was not required to give notice of any time limits to file a claim. Instead, former California Administrative Code, title 8, section 9859 stated that when a claim was rejected, the notice was mandated to contain specific language that .if the worker still thought he (or she) was entitled to benefits, the worker could (1) contact the Administrative Director of the Division of Industrial Accidents for information; (2) file an application for a hearing; and (3) contact an attorney or representative. Further mandatory language was: “If you have any questions, act immediately. If you wait too long, you may lose your rights to benefits.” As we have previously noted, the current language of section 9882 is much stronger, since the employer is now required to explain the procedures for making a claim,
 
 including the time limits for doing so.
 

 The next case of interest is
 
 Kaiser Foundation Hospitals
 
 v.
 
 Workers’ Comp. Appeals Bd.
 
 (1985) 39 Cal.3d 57 [216 Cal.Rptr. 115, 702 P.2d 197]. In
 
 Kaiser,
 
 the worker suffered a leg injury in a slip and fall accident on February 25, 1981. He was treated at the Kaiser facility nine days later. On April 23, 1981, Kaiser sent a notice of treatment to the employer’s insurance carrier. On July 2, 1981, the carrier denied coverage. After learning that the employee was not going to make a claim on April 15, 1982, Kaiser filed as medical lien claimant. Thus, the lien was filed more than a year after the injury but less than a year from the time the employee was statutorily advised of his rights.
 

 
 *886
 
 The WCAB held that the statute of limitations began as of the date of the injury. The Supreme Court reversed, holding that the statute is tolled until the employer complies with the statutory notice requirement. The Supreme Court stated that as a medical lien claimant, Kaiser stood in the shoes of the employee and, therefore, the limitations period began for Kaiser at the same time it began for the employee.
 

 2.
 
 Application to the Present Case
 

 a.
 
 Galloway’s Knowledge
 

 The first question to be decided is when, under Labor Code section 5412, did Galloway know or should have known that he had to file a separate claim for the cumulative injury to his neck? The WCJ found that the date was in November of 1994, making the claim timely. In reversing that decision, the WCAB found that Galloway knew or should have known by at least April 1, 1993, making the claim untimely.
 

 It is within the province of the WCAB to make the factual determination as to whether an employee has knowledge of an industrial related injury and, if so, when that knowledge arose.
 
 (City of Fresno
 
 v.
 
 Workers’ Comp. Appeals Bd.
 
 (1985) 163 Cal.App.3d 467, 471 [209 Cal.Rptr. 463].) An appellate court “will not interfere with the board’s factual findings if they are supported by substantial evidence or by reasonable inferences drawn from the testimony adduced. [Citations.]”
 
 (Ibid.)
 

 In the present matter, there is indeed substantial evidence to support the finding of the WCAB that as of early April of 1993, Galloway had knowledge that he needed to file a separate claim for his neck. In view of the fact that Galloway quickly reacted after receiving the letter advising him of his rating, the WCAB could have logically deemed Galloway’s lack of recollection as to the conversations with Carrillo and her subsequent letters to him to be a convenient loss of memory. Further, having gone through the process twice before, he was aware of the need to file a claim in order to receive benefits. Unfortunately for Insurer, that does not end the analysis.
 

 b.
 
 Estoppel to Assert the Statute of Limitations
 

 We agree the WCAB was justified in finding that by early April of 1993, Galloway knew or should have known that any disability to his neck was separate from his elbow injury, and thus he needed to file a separate claim. The next issue to be decided is whether, under the facts presented, Insurer may assert the statute of limitations as a defense. We hold that it is estopped from doing so.
 

 
 *887
 
 It is undisputed that Insurer had knowledge of the separate injury to Galloway’s neck as of April of 1992. Despite the fact that section 9882 requires the employer to give an employee notice of potential benefits within five days of such knowledge, neither Ironworks nor Insurer did so here. Of even more significance, such notice was not properly given even in 1993.
 

 Under section 9882, the notice has to be in writing. The only writings proffered were the Carrillo letters of April 1, 1993, and June 10, 1993. Neither letter comes close to fulfilling the requirements of section 9882. In particular, there is absolutely no warning about time limits to file a claim, which is mandated under that section.
 

 Therefore, even if Galloway knew he had to file a claim, there is nothing in the record to show that he knew what the appropriate time limits were. Section 9882 says that the employer is obliged to give him that information. That was not done here. The fact that he has been a party to two prior claims does not by itself mean that he was acquainted with the time parameters for making a claim. The WCAB had no evidence from which it could infer that he was given such information in those prior matters, or that time periods were even in issue there. The burden of proving the employee’s knowledge is on the employer
 
 (Kaiser Foundation Hospitals
 
 v.
 
 Workers’ Comp. Appeals Bd., supra, 39
 
 Cal.3d 57, 65;
 
 Chambers
 
 v.
 
 Workmen’s Comp. App. Bd.
 
 (1968) 69 Cal.2d 556, 559 [72 Cal.Rptr. 651, 446 P.2d 531]), and no such proof was adduced.
 

 The Labor Code and the statutes of limitation relative to that code are to be liberally construed in favor of the protection of employees.
 
 (City of Fresno
 
 v.
 
 Workers’ Comp. Appeals Bd., supra,
 
 163 Cal.App.3d 467, 471.)
 

 The purpose of the rules and regulations as set forth in the relevant portions of the California Code of Regulations “is to protect and preserve the rights of an injured employee who may be ignorant of the procedures or, indeed, the very existence of the workmen’s compensation law. Since the employer is generally in a better position to be aware of the employee’s rights, it is proper that he should be charged with the responsibility of notifying the employee, under circumstances such as those existing here, that there is a possibility he may have a claim for workmen’s compensation benefits.”
 
 (Reynolds
 
 v.
 
 Workmen’s Comp. Appeals Bd., supra,
 
 12 Cal.3d 726, 729.)
 

 That purpose would be totally frustrated were we not to grant this petition. To condone the failure to comply with section 9882 would result in a reward to an employer who has failed to adhere to the regulations which absolutely
 
 *888
 
 require an advisement of the time limits in which to make a claim. Galloway was prejudiced by the failure to receive notice under section 9882, as he was not advised of the time limits in which to file a claim.
 
 (Kaiser Foundation Hospitals
 
 v.
 
 Workers’ Comp. Appeals Bd., supra,
 
 39 Cal.3d at p. 66.) Accordingly, the statute of limitations was tolled until Galloway became aware of the time limits to file such a claim, which was in November of 1994. The claim was therefore timely.
 
 (Reynolds
 
 v.
 
 Workmen’s Comp. Appeals Bd., supra,
 
 12 Cal.3d at p. 730.)
 

 Disposition
 

 The petition is granted. The decision of the WCAB on reconsideration is annulled, and the case is remanded for proceedings consistent with this opinion.
 

 Boren, P. J., and Zebrowski, J., concurred.
 

 [1]
 

 The record is silent as to whether Galloway denied receipt of the June 10 letter.
 

 [2]
 

 At the time the opinion was issued in
 
 Reynolds,
 
 the applicable sections were California Administrative Code (since renamed California Code of Regulations), title 8, sections 9816, 9817 and 9859. Title 8 was thereafter amended and reorganized. The current section with which we are here concerned is section 9882.