CONSOLIDATION COAL CO. *v.* DUGAN
ADMINISTRATRIX

[No. 5, October Term, 1951.]

*Decided October 31, 1951.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

*Theodore C. Waters* and *Theodore C. Waters, Jr.*, with whom were *William M. Somerville* and *Mullikin, Stockbridge and Waters* on the brief, for appellant.

*Clarence Lippel*, with whom was *W. Earle Cobey* on the brief, for appellee.

DELAPLAINE, J., delivered the opinion of the Court.

Consolidation Coal Company is appealing here from an order of the Circuit Court for Allegany County affirming an order of the State Industrial Accident Commission awarding workmen's compensation to William Jesse Dugan, a coal miner, of Frostburg, for permanent total disability resulting from silicosis arising out of and in the course of his employment.

The claimant began working for the coal company in 1894, and worked in various mines operated by the company during a period of 49 years. He first noticed symptoms of some ailment in 1919. Those symptoms included a cough, shortness of breath, and expectoration of colored sputum. He continued to work, however, for 24 years until April 28, 1943, when the symptoms became so severe that he had to stop work. On the following day he consulted Dr. Harold C. Diehl, of Frostburg, who told him that his lungs were "loaded" and diagnosed his disease as asthmatic bronchitis. On January 13, 1950, the claimant, then 72 years old, was given an X-ray examination in the Miner's Hospital in Frostburg, and on January 16 he was informed that the X-ray examination disclosed that he had silicosis. On January 18 he

filed his claim with the Industrial Accident Commission. The Medical Board found that, although he had contracted a compensable occupational disease by inhaling silica dust, his claim was barred by limitations. The Commission, on the contrary, decided that his claim was not barred, and on October 16, 1950, awarded him compensation at the rate of $20 per week, commencing May 3, 1943, and payable during the continuance of permanent total disability resulting from silicosis, but not to exceed $2,800.

The employer appealed, but on February 14, 1951, the Circuit Court affirmed the award. The employer then appealed here. After the appeal was entered the claimant died, and his widow, Ida May Dugan, administratrix of his estate, was substituted in his place as appellee.

Prior to 1951 the Workmen's Compensation Act provided that every employee who, in the course of his employment, is subjected to exposure to any of the occupational diseases named therein shall be deemed to be engaged in an extra-hazardous employment, and that compensation shall be payable for disability or death of an employee resulting from such occupational diseases. Among the diseases listed were: (1) miners' diseases, including only cellulitis, bursitis, ankylotomiasis, tenosynovitis and nystagmus, and (2) silicosis, contracted in any process or occupation involving an exposure to or direct contact with silicon dioxide. Laws of 1939, ch. 465, Laws of 1945, ch. 463, Code Supp. 1947, art. 101, sec. 21. The statute made no provision for compensation for asthmatic bronchitis. By Act of 1951 all occupational diseases are now compensable. Laws of 1951, ch. 287.

The first question is whether the claimant complied with the statutory requirement that written notice shall be given to the employer of an occupational disease by the employee or someone in his behalf within ten days after the first distinct manifestation thereof. Code Supp. 1947, art. 101, sec. 26. In 1951 the Legislature amended the law by providing that the written notice of an occupational disease shall be given within thirty days after the employee has actual knowledge thereof;

but on this appeal we are not considering the present law. Laws of 1951, ch. 292.

It appeared in this case that the claimant was not advised by his physician that he had silicosis until January 16, 1950. Two days later he filed his claim for compensation with the Commission. On January 20 the Commission mailed a notice of the claim to Consolidation Coal Company, Fairmont, West Virginia, his employer. There can be no doubt that this letter was duly received by his employer, for on January 24 one of the attorneys for the employer wrote a letter to the Commission requesting a hearing before the Medical Board at its next session in Cumberland. As the statute does not prescribe any particular form of written notice, we think the notice given to the employer in this case complied with the statutory requirement.

The second question is whether the claim was filed with the Commission within one year from the date of disablement, as required by the statute in case of an occupational disease. Code Supp. 1947, art. 101, sec. 26. Appellant argues that, since the employee had been told that his lungs were "loaded" in 1943, he had reason to believe that he was suffering from silicosis. It is not disputed that the claimant was permanently and totally disabled in April, 1943, when he was last exposed to silica dust. But at that time his physician, Dr. Diehl, diagnosed his disease as asthmatic bronchitis. Dr. Diehl saw the claimant at least a dozen times between 1943 and January 13, 1950, and during that period of nearly seven years he continued to diagnose the ailment as asthmatic bronchitis. Likewise, in 1949, when Dr. Diehl was sick, Dr. John B. Davis, also of Frostburg, who attended the claimant for hepatitis and pleurisy, found that he had "a little wheezing," and thought his ailment was asthmatic bronchitis. He admitted in the Court below that he was surprised in 1950 when he heard that the claimant had silicosis.

This case is quite different from *Griffin v. Rustless Iron & Steel Co.*, 187 Md. 524, 51 A. 2d 280. In that case

the claimant was a victim of an explosion in which he was sprayed with a solution of hot lead, some of which lodged in his eye. The Court held that his claim for a cataract was barred by limitation, although the cataract did not develop until within one year before the claim was filed. The period of limitation for the filing of a claim by a workman injured in an accident begins to run when the disability becomes, or ought to have become, reasonably apparent, which means any disability, except one of a trivial nature, which arises from an accident and eventually develops into more serious consequences for which compensation is claimed. The fact that the workman does not know the exact nature or extent of his injury from a medical standpoint does not excuse him from filing his claim, if he knows that he has some kind of disability resulting from the accident.

Nor is the instant case like *Reinhold v. Industrial Commission,* 253 Wis. 606, 34 N. W. 2d 814. There the claimant was a trained nurse who knew, or should have known, more than two years prior to application for compensation the relationship of her disability from tuberculosis to her employment. The Court held that since she knew of the relationship of the disease to her employment, but did not know that she could get compensation therefor, her lack of knowledge was an "error of law" which could not be relieved against in order to avoid the two-year limitation statute.

In *Consolidation Coal Co. v. Porter* 192 Md. 494, 64 A. 2d 715, 721, we said that the limitation periods stipulated in the Workmen's Compensation Act in occupational disease cases for the notice to the employer and for the filing of the claim for compensation begin to run only when the employee or someone in his behalf knew, or had reason to believe, that he was suffering from an occupational disease and that there was a causal connection between his disability and the occupation. By the term "occupational disease," we, of course, meant a disease which the statute declared to be compensable.

We are of the opinion that the claimant in this case was justified in relying upon the diagnosis of his physician. Silicosis can be diagnosed only by a physician. It cannot be inferred that the claimant knew, or had reason to believe, that he had silicosis when his physician did not suspect that he had it, but thought that he was suffering from asthmatic bronchitis. Silicosis is a pneumoconiosis caused by inhalation of the dust of stone, sand, or flint. Asthmatic bronchitis, commonly known in the coal mine regions as "miner's asthma," is a pneumoconiosis caused by inhalation of coal dust. The claimant had been exposed to rock dust and sand as well as to coal dust. The purpose of statutes of limitations, which require the assertion of claims within a specified period of time after notice of the invasion of legal rights, do not demand that a case like this shall be barred. The humane purpose of the Workmen's Compensation Act does not intend such a result to attach to blameless ignorance of fact.

*Order affirmed, with costs.*