Filed 3/24/17

**CERTIFIED FOR PUBLICATION**


**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**


| | |
|---|---|
| COUNTY OF RIVERSIDE, | |
| Petitioner, | E065688 |
| v. | (WCAB Case No. ADJ9538021) |
| WORKERS' COMPENSATION APPEALS BOARD and PETER G. SYLVES, | OPINION |
| Respondents. | |


ORIGINAL PROCEEDINGS; writ of review. Order affirmed.

Law Office of Louis D. Seaman and Louis D. Seaman for Petitioner.

No appearance for Respondent Workers' Compensation Appeals Board.

Law Offices of Lawrence R. Whiting and William G. Cotter for Respondent Peter G. Sylves.

Petitioner, County of Riverside (the County), challenges findings by the Workers' Compensation Appeals Board (WCAB) finding that the application for adjudication of

1

claim by respondent, Peter G. Sylves, was timely filed, and that Labor Code[1] section 5500.5, subdivision (a) (section 5500.5(a)), did not bar liability on the County's part. The order of the WCAB is affirmed for the reasons we state *post*.

FACTUAL AND PROCEDURAL BACKGROUND

From December 12, 1998, to October 28, 2010, Sylves was employed by the County as a deputy sheriff. He took a service retirement and then worked for the Pauma Police Department on a reservation belonging to the Pauma Band of Luiseno Indians (Pauma Band), which is a federally recognized Indian tribe. Sylves's employment with the Pauma Police Department lasted from December 28, 2010, through July 4, 2014.

Sylves filed an application for adjudication of claim on July 16, 2014. He claimed a continuous trauma for "hypertension, GERDS [gastroesophageal reflux disease], left shoulder, low back and both knees."

On June 8, 2015, the parties appeared before a workers' compensation judge (WCJ) for adjudication of Sylves's claim. On July 6, 2015, the WCJ issued his findings of fact. Under the heading titled "Statute of Limitations," he found: "Pursuant to Labor Code section 5500.5, applicant's continuous trauma is limited to the last year of injurious exposure, even if it is with the Pauma Tribal Police." The WCJ found that Sylves's knee and left shoulder injuries, his GERDS, and his sleep disorder were not compensable injuries arising in and out of employment. However, he also found that Sylves's

---

[1] Unless otherwise specified all further statutory references are to the Labor Code.

hypertension and back injury were compensable and arose from employment with the County.

Sylves and the County both moved for reconsideration of the WCJ's ruling. The County attacked the evidence allegedly showing that Sylves suffered from labor-disabling hypertension or back problems during his employment with the county, and it argued section 5500.5 meant that liability could only be imposed against the Pauma Police Department. In his motion, Sylves argued that section 5500.5 has nothing to do with the statute of limitations, that the County failed to meet its burden of proving he failed to comply with the limitations period in section 5405, and that section 5500.5 did not limit liability to the Pauma Police Department because the Pauma Band is a federally recognized tribe over which the WCAB has no jurisdiction.

The WCAB granted both petitions for reconsideration "to further study the factual and legal issues." It then filed an opinion and decision after reconsideration in which it found "substantial medical evidence support[ing] industrial injury to [Sylves's] left shoulder, bilateral knees, GERD and sleep disorder." With respect to the statute of limitations, the WCAB explained that the time in which to file a claim did not begin to run until a doctor told him the symptoms for which he had been receiving treatment were industrially related; since medical confirmation did not occur until 2013, Sylves's 2014 application was timely. The WCAB further found that section 5500.5 "is not a Statute of Limitations but provides for a supplemental proceeding in which multiple defendants have an opportunity to apportion liability." Finally, it agreed with Sylves that section 5500.5 cannot limit liability to the Pauma Police Department in this case because the

3

WCAB lacks jurisdiction over the tribe. In conclusion, the decision after reconsideration made factual findings that Sylves, "while employed during the period 12/27/1998 through 10/28/2010, as a Deputy Sheriff, by the County of Riverside, sustained injury arising out of and in the course of employment in the form of" hypertension, injuries to the lower back, left shoulder, both knees, GERD, and a sleep disorder, as well as that the County "failed to meet its burden of proof on the Statute of Limitations defenses raised herein."

This petition followed. We granted review on April 27, 2016, in order to provide better clarity regarding the application of section 5500.5

DISCUSSION

The County advances two arguments:[2] that the WCAB erred in finding Sylves's application for adjudication of claims to have been timely, and that it violated section

---

[2] The petition "asserts the following as grounds for review: [¶] 1. That the opinion and order granting reconsideration and decision after reconsideration of the Appeals Board was not supported by substantial evidence[; and ¶] 2. The opinion of the Worker's Compensation Appeals Board misapplied the law as defined in the Labor Code as it applied to Labor Code § 5500.5, 5412 and statute of limitations, section 5405, reaching its decision and was therefore unreasonable." The answer asks us to summarily deny the petition because petitioner failed to attach all relevant medical evidence despite arguing that insufficient evidence supports the WCAB's opinion. (Cal. Rules of Court, rule 8.495(a)(2) ["If the petition claims that the board's ruling is not supported by substantial evidence, it must fairly state and attach copies of all the relevant material evidence"].) We decline to do so because, as we construe it, the brief supporting the petition does not actually attack the sufficiency of the medical evidence, but instead asks us to answer the following two questions: (1) "Did the [WCAB] err in its application of Labor Code § 5405 in finding that the application for adjudication of claim had been filed timely by applicant not having worked for the County of Riverside in nearly four years?"; and (2) "Was it error for the [WCAB] to ignore Labor Code section 5500.5 and place all responsibility for the injury on the County of Riverside despite the last four years of injurious exposure being with the Pauma Police Department?" Neither of these requires

4

5500.5(a) in assigning liability to the County even though Sylves's last four years of exposure had been with a different employer. Neither of these succeeds.

"In considering a petition for writ of review of a decision of the WCAB, this court's authority is limited. This court must determine whether the evidence, when viewed in light of the entire record, supports the award of the WCAB. This court may not reweigh the evidence or decide disputed questions of fact. [Citations.] However, this court is not bound to accept the WCAB's factual findings if determined to be unreasonable, illogical, improbable or inequitable when viewed in light of the overall statutory scheme. [Citation.] Questions of statutory interpretation are, of course, for this court to decide." (*Western Growers Ins. Co. v. Workers' Comp. Appeals Bd.* (1993) 16 Cal.App.4th 227, 233.)

1. *Petitioner has given us no reason to find that the application for adjudication of claims was untimely.*

Sylves was required to file his application for adjudication of claims within, as relevant here, one year of "[t]he date of injury." (§ 5405, subd. (a).) "The date of a cumulative injury shall be the date determined under Section 5412." (§ 3208.1.) Because the injuries Sylves allege are all cumulative, we look to section 5412, which reads: "The date of injury in cases of occupational diseases or cumulative injuries is that date upon which the employee first suffered disability therefrom and either knew, or in

*[footnote continued from previous page]*
*[footnote continued from previous page]*
us to review the sufficiency of the medical evidence. We therefore do not do so, and the County's request is moot.

the exercise of reasonable diligence should have known, that such disability was caused by his present or prior employment." The County bears the burden of proving that Sylves's application for adjudication of claims was untimely. (*Chambers v. Workers' Comp. Appeals Bd.* (1968) 69 Cal.2d 556, 559.)

We pause briefly to emphasize the way in which the nature of the petition necessarily narrows our inquiry into this issue. In attacking the timeliness of the application for adjudication, the County implies that Sylves, who had a long history of treatment for orthopedic injuries, must have had knowledge of industrial causation well before he claimed in this proceeding. For example, the County argues this preexisting knowledge should have prevented the WCAB from applying the presumptions in sections 3212.2 and 3212.5. It also asserts that Sylves retired because of his knees, not because of his back. With the exception of some quotes from the opinions by the WCJ and the WCAB, for which the County directs us to specific page and line number citations, no citations to the record accompany the vast majority of the County's factual assertions. We therefore do not pass on the validity or veracity of these claims. (See, e.g., *Colt v. Freedom Communications, Inc.* (2003) 109 Cal.App.4th 1551, 1560 ["No record reference is furnished for this statement, and we may thus ignore it."].) Instead, we remind the County of the following rules of general application:

"It is within the province of the WCAB to make the factual determination as to whether an employee has knowledge of an industrial related injury and, if so, when that knowledge arose. [Citation.] An appellate court 'will not interfere with the board's factual findings if they are supported by substantial evidence or by reasonable inferences

6

drawn from the testimony adduced. [Citations.]' " (*Galloway v. Workers' Comp. Appeals Bd.* (1998) 63 Cal.App.4th 880, 886.) Moreover, "[t]he burden of proving that the employee knew or should have known rests with the employer. This burden is not sustained merely by a showing that the employee knew he had some symptoms." (*City of Fresno v. Workers' Comp. Appeals Bd.* (1985) 163 Cal.App.3d 467, 471; see *Id.* at p. 473 ["an applicant will not be charged with knowledge that his disability is job related without medical advice to that effect unless the nature of the disability and applicant's training, intelligence and qualifications are such that applicant should have recognized the relationship between the known adverse factors involved in his employment and his disability."].) Finally, "The Labor Code is to be liberally construed for the protection of persons injured in the course of their employment." (*Id.* at p. 471.)

In this case, the WCAB opinion summarizes Sylves's testimony and then relies on it to find that doctors first told him his medical conditions were related to his employment within one year of his filing an application for adjudication of claims; the summary of evidence from the proceeding before the WCJ supports the conclusion that Sylves testified he did not receive an opinion that his conditions were work related until 2013. "This finding is [therefore] supported by substantial evidence and binds this court on review." (*Western Growers Ins. Co., v. Workers' Comp. Appeals Bd.*, *supra*, 16 Cal.App.4th at p. 235.)

The one place the County cites evidence in support of its assertions is when arguing that Sylves gave inconsistent statements about the intensity of his work with the Pauma Police Department. This is because, while Sylves testified that work on the

7

reservation was less strenuous than work for the County, Dr. Lal's report indicated that Sylves did "all the physical activities of a police officer" on the reservation. As best we can tell, the County asks us to find Sylves less than truthful in his testimony about when he first found out his medical conditions might be work related. As we have already indicated, we may not reweigh evidence in this proceeding. We "also may not isolate facts which support or disapprove of the WCAB's conclusions and ignore facts which rebut or explain the supporting evidence." (*Zenith Insurance Co. v. Workers' Comp. Appeals Bd.* (2008) 159 Cal.App.4th 483, 490.) Here, Sylves also testified that he did "not recall giving such a history to Dr. Lal," as well as that "[h]e attempted to tell Dr. Lal the difference between the two jobs, but he is not sure that Dr. Lal understood." The County does not acknowledge this testimony exists, let alone explain why it does not explain the inconsistency to which the petition calls our attention.

The remaining issue the County raises relates to how section 5500.5 affects the calculation of the limitations period applicable to Sylves's application for adjudication of claims. Our short answer is that it does not.

Section 5500.5(a) reads, in relevant part: "Except as otherwise provided in Section 5500.6, liability for occupational disease or cumulative injury claims filed or asserted on or after January 1, 1978, shall be limited to those employers who employed the employee during a period of [one] year[][3] immediately preceding either the date of

---

**3** The full text is: "Except as otherwise provided in Section 5500.6, liability for occupational disease or cumulative injury claims filed or asserted on or after January 1, 1978, shall be limited to those employers who employed the employee during a period of

8

injury, as determined pursuant to Section 5412, or the last date on which the employee was employed in an occupation exposing him or her to the hazards of the occupational disease or cumulative injury, whichever occurs first."  Section 5500.5 was originally enacted to codify the principles announced in *Colonial Ins. Co. v. Industrial Acc. Com.* (1946) 29 Cal.2d 79, 82 (*Colonial Ins.*), which held that an injured employee should have the right to "obtain an award for the entire disability against any one or more of successive employers or successive insurance carriers if the disease and disability were contributed to by the employment furnished by the employer chosen or during the period covered by the insurance even though the particular employment is not the sole cause of the disability," with a corresponding right on the part of the employers and/or insurers to seek apportionment and contribution from earlier employers and/or insurers.  (See *Tidewater Oil Co. v. Workers' Comp. Appeals Bd.* (1977) 67 Cal.App.3d 950, 957

---

*[footnote continued from previous page]*
*[footnote continued from previous page]*
four years immediately preceding either the date of injury, as determined pursuant to Section 5412, or the last date on which the employee was employed in an occupation exposing him or her to the hazards of the occupational disease or cumulative injury, whichever occurs first.  Commencing January 1, 1979, and thereafter on the first day of January for each of the next two years, the liability period for occupational disease or cumulative injury shall be decreased by one year so that liability is limited in the following manner:

| For claims filed or Asserted on or after: | The period shall be: |
|---|---|
| January 1, 1979 | three years |
| January 1, 1980 | two years |
| January 1, 1981 and thereafter | one year |

9

(*Tidewater Oil Co.*).)  The current version of section 5500.5 continues this codification by allowing an employee to select one or more employers against whom to proceed, and then permitting "any employer held liable under the award [to] institute proceedings before the appeals board for the purpose of determining an apportionment of liability or right of contribution."  (§ 5500.5, subd. (e).)

The purpose of the limitation contained in subdivision (a) of section 5500.5 was to "alleviate the difficulties encountered by the parties in complying with the requirements of former section 5500.5 'whereby employees and their attorneys were frequently compelled to expend much time, effort and money in tracing the applicant's employment history over the entire course of his adult life.[4]' "  (*Tidewater Oil Co.*, 67 Cal.App.3d at p. 958.)  Limiting the liability of the defendants in a workers' compensation case is not the same as prescribing the time in which that case can be filed.  As neither the language nor the history of section 5500.5 evidences a concern with the limitations period for filing an application for workers' compensation benefits, we reject the County's suggestion that the WCAB violated section 5500.5(a) when it found Sylves's claims to be timely.  Section 5500.5(a) does not relate to the statute of limitations for filing an application for adjudication of benefits.

---

[4]  The statute was not, as the County asserts without citation to authority, "clearly put in place to avoid situations where employees could reach back over numerous years and sue an unsuspecting employer who had no notice of such injury when, in fact, that applicant had continued to perform the same occupation with a subsequent employer being subject to the continued injurious exposure."

2. *The WCAB did not violate section 5500, subdivision (a), when it imposed liability on the County.*

We construe the petition to make the separate but related argument that the WCAB violated section 5500, subdivision (a), by imposing liability on the County even though it is undisputed that Sylves had worked for the Pauma Police Department for approximately the last four years of his employment. We disagree.

As indicated above, section 5500.5(a) limits liability to those employers who employed Sylves in the year "immediately preceding either the date of injury, as determined pursuant to Section 5412, or the last date on which the employee was employed in an occupation exposing him or her to the hazards of the occupational disease or cumulative injury, whichever occurs first." It is undisputed that Sylves was employed by the Pauma Police Department, and not by the County, from December 28, 2010, to July 4, 2014, and that he did not have another employer after that time. We will assume for the sake of argument that Sylves's employment with the Pauma Police Department was at least rigorous enough to expose him to "the hazards of the occupational disease or cumulative injury." (§ 5500.5(a).) If, as indicated above, Sylves's date of injury did not occur until 2013, when doctors first told him that his ailments were industrially related, section 5500.5(a) might seem to limit liability to the Pauma Police Department, as petitioner contends.

This result does not follow in this case for two reasons. First, and as the WCAB opinion noted, the Pauma Police Department is not a party, and no claim has been made as to it. Section 5500.5 expedites matters by allowing a claimant to proceed against one

11

or a small number of employers or carriers, while still allowing those employers and carriers to join and seek contribution from other employers and carriers. What it does not do is allow County to "diminish, restrict, or alter in any way the recovery previously allowed the employee or his or her dependents." (§ 5500.5, subd. (e).) Applying section 5500(a) in the manner the County recommends would have the practical effect of allocating liability to Sylves, thereby reducing his recovery in violation of this provision. It would also be "not in consonance with the required liberal interpretation and application of the workmen's compensation laws." (*Colonial Ins.*, *supra*, 29 Cal.2d at p. 82.)

Second, the County fails to account for the following language from section 5500.5(a): "In the event that none of the employers during [last year] of occupational disease or cumulative injury are insured for workers' compensation coverage or an approved alternative thereof, liability shall be imposed upon the last year of employment exposing the employee to the hazards of the occupational disease or cumulative injury for which an employer is insured for workers' compensation coverage or an approved alternative thereof." The County does not contest that the Pauma Police Department belongs to a federally recognized Indian tribe, and the answer and the record both indicate this is in fact so. The WCAB lacks jurisdiction over federally recognized Indian tribes. (*Middletown Rancheria v. Workers' Comp. Appeals Bd.* (1998) 60 Cal.App.4th 1340, 1343 ["The Appeals Board does not possess subject matter jurisdiction over Tribe as a matter of law."].) It seems to us the fact that the Pauma Police Department is not subject to the WCAB's jurisdiction means the department was not "insured for workers'

12

compensation coverage or an approved alternative thereof." (§ 5500.5(a).)

Consequently, liability is imposed on the next employer in line that had workers'

compensation insurance. (See *Portland Trailblazers v. TIG Insurance Company* (2007)

72 Cal.Comp.Cases 154.) In this case, that employer is the County.

    *3. We will not award Sylves his attorney fees under section 5801*

    Sylves asks us to remand to the WCAB for an order obligating County to pay the

attorney fees he spent answering the petition on the ground that the County had "no

reasonable basis for" filing it. (§ 5801.) While we disagree with the County's

contentions, we cannot say the petition was baseless, as we have found no other reported

decision from a Court of Appeal that discusses the application of section 5500.5(a) in the

context of either the limitations period for filing an application for adjudication of claims

or the WCAB's lack of jurisdiction over a federally recognized Indian tribe.

DISPOSITION

    The order is affirmed. Sylves's request for a remand for determination of attorney

fees under section 5801 is denied.

    Costs on appeal are awarded to respondent.

    CERTIFIED FOR PUBLICATION

                                McKINSTER_____
                                              P. J.

We concur:
MILLER_____
                J.
SLOUGH_____
                J.