[No. F041268. Fifth Dist. Apr. 9, 2003.]

DONALD O. GERMINO, as Cotrustee, etc., et al., Plaintiffs and
Respondents, v.
DARIUS P. HILLYER, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts C, E and F of the Discussion.

**COUNSEL**

McCormick, Barstow, Sheppard, Wayte & Carruth, Todd W. Baxter; Dunn, Swan & Cunningham and Sheldon B. Swan for Defendant and Appellant.

Dowling, Aaron & Keeler, William J. Keeler, Jr., and Leigh W. Burnside for Plaintiffs and Respondents.

## OPINION

**VARTABEDIAN, J.**—This is an appeal from an order granting instructions to cotrustees; the order is appealable pursuant to Probate Code section 1304, subdivision (a). (All further statutory references are to the Probate Code unless otherwise specified.) We will hold that the trustees' notice pursuant to section 16061.7 was adequate to commence the limitations period established by section 16061.8. The trial court was correct that this limitations period has expired; therefore we will affirm the order.

### Facts and Procedural History

Decedent Vincent L. Hillyer created a living trust, nominally funded during his life but endowed by his pour-over will with a corpus of about $3 million upon his death in 1999. The trust instrument contained a no-contest clause. In a prior appeal (*Hillyer v. Germino* (June 18, 2001, F036004) [nonpub. opn.]) we considered whether a proposed petition by the present appellant, Darius P. Hillyer, would violate that clause. (See § 21320.)[1] We held that, in large part, the proposed petition would violate the trust's broad no-contest clause.[2]

Remittitur issued from this court and jurisdiction vested again in the trial court on August 20, 2001.

On February 26, 2002, respondents, the trustees of the Vincent Hillyer Trust, filed a petition for instructions requesting, as relevant here, a determination whether the 120-day statute of limitations of section 16061.8 barred any further challenges to the trust instrument by appellant. Appellant opposed the trustees' petition for instructions on the basis that the trustees' notice under section 16061.7 (which we will describe below) was insufficient to commence the limitations period.

After a hearing on April 29, 2002, the court entered an order on July 2, 2002, concluding that the statute of limitations had expired as to any claims

---

[1]Section 21320, the so-called safe harbor provision, allows a potential contestant of a trust instrument to obtain a judicial determination whether a particular attack on the trust constitutes a violation of the particular no-contest provision contained in the trust instrument. (See *Genger v. Delsol* (1997) 56 Cal.App.4th 1410, 1428-1429 [66 Cal.Rptr.2d 527].)

[2]We grant respondents' request for judicial notice of our opinion in case No. F036004.

by appellant contesting the trust to the extent those claims were subject to prior determination under the safe harbor provisions of section 21320. (See fn. 1, *ante.*) The court also ordered that any assertion by appellant of an oral agreement between himself and decedent that superseded the bequest of decedent's estate to the trust was a "possible exception" to the bar of the section 16061.8 statute of limitations. Finally, and consistent with our earlier opinion, the trial court concluded the statute of limitations found in section 16061.8 was inapplicable to challenges to donative transfers to interested persons under section 21350.[3]

Appellant filed a timely notice of appeal.

*Discussion*

A. *The Probate Code*

Section 16061.7 provides, as relevant here, that a trustee shall notify the beneficiaries of the trust when a revocable trust becomes irrevocable because of the death of the settlor of the trust. "The notification by trustee shall contain the following information: [¶] (1) The identity of the settlor . . . and the date of execution of the trust instrument. [¶] (2) The name, mailing address and telephone number of each trustee of the trust. [¶] (3) The address of the physical location where the principal place of administration of the trust is located. . . . [¶] (4) Any additional information that may be expressly required by the terms of the trust instrument. [¶] (5) A notification that the recipient is entitled, upon reasonable request to the trustee, to receive from the trustee a true and complete copy of the terms of the trust." (§ 16061.7, subd. (g).)

If, as here, the notification by the trustee is served because a trust has become irrevocable upon the death of a settlor, the notification must also "include a warning, set out in a separate paragraph in not less than 10-point boldface type, or a reasonable equivalent thereof, that states as follows: [¶] 'You may not bring an action to contest the trust more than 120 days from the date this notification by the trustee is served upon you or 60 days from the date on which a copy of the terms of the trust is mailed or personally delivered to you during that 120-day period, whichever is later.'" (§ 16061.7, subd. (h).)

Section 16061.8 states that no person "upon whom the notification by the trustee is served" may bring an action more than 120 days after service of

---

[3]Appellant's opening brief asserts that he filed a petition in the trial court on June 21, 2002. The brief discusses the contents of that petition and bases a large portion of its argument on the petition. The petition, however, is not part of our record on appeal, is not before the court, and was not the subject of the trial court's ruling as far as we can tell; we disregard appellant's references to that petition.

the notification or 60 days after a copy of the terms of the trust is mailed or delivered to him or her during the 120-day period, "whichever is later." The limitations period is tolled while a section 21320 safe harbor proceeding is pending. (§ 21308.)

B. *The Notice Served in This Case*

The notice served by respondents in the present case on July 16, 1999, states that the trustees are providing the notice "as required by California Probate Code Section 16061.7." The notice identifies the trust, the trustees, and the place of administration of the trust, all as required by section 16061.7, subdivision (g). It provides in boldface the notification of the statute of limitations required in section 16061.7, subdivision (h).

The notice does not specifically state that a recipient of the notice is entitled to a copy of the terms of the trust upon reasonable request, as required by section 16061.7, subdivision (g)(5). However, prior to service of the section 16061.7 notice, but after the death of the settlor, one of the trustees provided a copy of the trust instrument to appellant by personal delivery.

C. *Contentions on Appeal**

. . . . . . . . . . . . . . . . . . . . . . . . . . .

D. *Respondents' Failure To Comply Strictly with Section 16061.7 Was Not Prejudicial*

█ Relying on this court's opinion in *Harustak v. Wilkins* (2000) 84 Cal.App.4th 208 [100 Cal.Rptr.2d 718], appellant contends respondents' failure to comply strictly with section 16061.7 renders the trustees' notice a nullity. As a result, according to appellant, statutes of limitations of three, four, or five years applicable to various civil actions are applicable instead of the 120-day limitations period of section 16061.8. According to appellant, "There is no legal authority to support the contention that the Court is to engage in a balancing of the equitable circumstances to summarily determine an alleged lack of prejudice or disadvantage" to a beneficiary so as to "cure deficiencies in a trustee's notice."

There is legal authority that "[t]he law neither does nor requires idle acts." (Civ. Code, § 3532.) In a case in which the trustee elects to provide the beneficiary with the terms of the trust, requiring the same trustee to

* See footnote, *ante,* page 951.

provide subsequent notice to the beneficiary that he is entitled to that exact information is indeed to require an idle act. We conclude that in such circumstances the law does not require this idle act.

Section 16061.7, subdivision (g)—unlike subdivision (h)—requires neither a statement in particular terms nor a statement in a particular format. Instead, subdivision (g) merely requires that the trustee provide "the following information." Thus, the statute here is unlike statutes in which the Legislature has specified the text and format for a notice: in that circumstance, deviations from the specified form will be viewed with extreme disfavor. (See *Harold L. James, Inc. v. Five Points Ranch, Inc.* (1984) 158 Cal.App.3d 1, 6 [204 Cal.Rptr. 494].)

Although the issue of a prejudice requirement is not discussed in *Harustak v. Wilkins, supra,* 84 Cal.App.4th 208, the case upon which appellant places most of his reliance, that case dealt with an express statutory requirement (see § 16061.7, subd. (h)) as to both the required text and the required format of the notice. (*Harustak, supra,* at p. 215.) Thus, even if *Harustak* were interpreted to hold that the objective absence of the conspicuous notice required by statute made moot the recipient's actual knowledge of the applicable statute of limitations, the case does not control the present circumstances, in which there is a statutory prescription for neither the text nor the form of the notice.

■ Where the statute does not require a particular form of notice, cases consistently hold that courts will look to the issue of prejudice when a party seeks to excuse its own failings—such as appellant's failure to file his petition attacking the trust within 120 days of the trustee's notice—based on a defect in statutory notice provided by the other party—such as the claimed omission from the trustee's notice in this case.

Thus, in a case cited by respondents, *Oceanside Marina Towers Assn. v. Oceanside Community Development Com.* (1986) 187 Cal.App.3d 735 [231 Cal.Rptr. 910], two agencies were involved in joint consideration of the environmental impact of the relocation of a railroad switchyard. The subordinate agency issued a notice concerning the environmental impact, but the lead agency gave no notice whatsoever, despite the statutory requirement that it do so. In holding that the appellant's suit was barred by the 30-day statute of limitations that was commenced upon promulgation of the notice *by the lead agency*, the court concluded that the appellant had not been prejudiced by issuance of the notice by the subordinate agency. Any other resolution of the issue, in the absence of such prejudice, "would be a colossal elevation of form over substance." (*Id.* at p. 741.)

In *Migliore v. Mid-Century Ins. Co.* (2002) 97 Cal.App.4th 592 [118 Cal.Rptr.2d 548], an insurer sent the insured a letter denying coverage of a claim. An "unequivocal denial" of the claim commenced the one-year limitations period for suing the insurer. (*Id.* at p. 604.) The insured claimed the letter was defective for failing to notify her unequivocally of the denial of the claim. (*Id.* at p. 606.) In considering whether the insurance company was estopped by the omission from invoking the statute of limitations, the appellate court set out the elements of estoppel and concluded that "the evidence establishes that at all times appellant protested the amount paid on her claim and respondent's determination not to provide further coverage." (*Id.* at pp. 606-607.) Thus, in the absence of prejudicial reliance on any possible ambiguity in the letter, the insured could not rely on that alleged defect to forestall commencement of the statute of limitations.

By contrast, in *Galloway v. Workers' Comp. Appeals Bd.* (1998) 63 Cal.App.4th 880 [74 Cal.Rptr.2d 374], the court's prejudice analysis led it to conclude the employer was estopped to claim commencement of the statute of limitations. Nevertheless, the court expressly considered the issue of prejudice in determining that the absence of the required notice relieved the employee from compliance with the applicable limitations period. In *Galloway,* an applicable administrative code provision required the employer to give the employee notice of the time limit for filing a workers' compensation claim. The court stated that the absence of such notice would not excuse a late claim by the employee if the employer could prove the employee otherwise had knowledge of the limitations requirement—in other words, that the employee was not prejudiced. In *Galloway,* however, there was "nothing in the record to show that [the employee] knew what the appropriate time limits were" in the absence of the statutory notice. (*Id.* at p. 887.)

Appellant has not cited a single case in which one party's failure to provide information to the other party as required by statute has resulted in a tolling of the statute of limitations in the absence of prejudice to the party designated to receive the information. To employ the pithy language of Justice Weiner (in a slightly different context), appellant "is asking us to declare the statutory notice procedures followed in this case . . . insufficient . . . even though it cannot allege that additional notice . . . would have made any difference . . . ." (*Oceanside Marina Towers Assn. v. Oceanside Community Development Com., supra,* 187 Cal.App.3d at p. 744.) Neither precedent nor common sense requires us to do so.

E., F.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Disposition*

The order on petition for instructions regarding limitations of actions to contest trust is affirmed. Respondents are awarded costs on appeal.

Dibiaso, Acting P. J., and Gomes, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 25, 2003. George, C. J., did not participate therein.