Filed 6/7/22  Crisostomo v. Crisostomo CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| CLAUDE E. CRISOSTOMO et al., | B306463 |
| Petitioners and Respondents, | (Los Angeles County Super. Ct. No. 18STPB08104) |
| v. | |
| GERINO CRISOSTOMO, | |
| Objector and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Michael C. Small, Judge.  Affirmed.

Gerino Crisostomo, in pro. per., for Objector and Appellant.

Wershow & Cole and Jonathan A. Wershow for Petitioners and Respondents.

# INTRODUCTION

Gerino Crisostomo, his brother Claude Crisostomo, and their sister Belinda Kai were the beneficiaries of their parents' trust. After their parents died, Claude, as successor trustee, and Belinda, as a beneficiary, filed a petition in the probate court for orders instructing Claude to market and sell the trust's only asset, their parents' former residence. Over Gerino's objection, the court granted the petition. Gerino, representing himself, appeals from the order granting that petition. We affirm.

# FACTUAL AND PROCEDURAL BACKGROUND

In 1989 Clodualdo and Belen Crisostomo executed a revocable living trust providing that, upon the death of the surviving settlor, trust assets would be distributed in equal shares to the couple's children: Claude, Gerino, and Belinda. Clodualdo and Belen died in 2018, and under the terms of the trust, Claude became the successor trustee. The trust's sole asset was residential property on Tracy Street where Clodualdo and Belen lived for many years. Claude and Belinda lived there until they finished college; Gerino has lived there his entire life. The property's appraised value was $1.2 million.

In August 2018 Claude and Belinda filed a petition in the probate court seeking, among other things, an order under Probate Code section 17200, subdivision (b)(6),[1] instructing Claude, as trustee, to list, market, and sell the Tracy Street property. Gerino objected to the petition. He argued selling the property on the open market was not as beneficial to the trust as

---

[1] Statutory references are to the Probate Code.

allowing him to buy Claude's and Belinda's shares for $400,000 each, which he proposed to do with an $800,000 loan for which he claimed to have received "pre-approval authorization." This approach, Gerino argued, would save the trust "expensive closing costs," protect it against the possibility of the property selling for less than its appraised value ("given its status as a manufactured home"), and keep the property "in the family pursuant to family tradition." He also proposed to pay $50,000 in back rent for the period he occupied the property following the death of his parents and to begin paying monthly rent of $2,666.67.

Following a court trial at which Claude, Gerino, and Belinda testified, the probate court granted the petition. The court found selling the Tracy Street property on the open market as Claude proposed, rather than accepting Gerino's "buy-out proposal," was in the best interest of the trust and its beneficiaries. The court gave a number of reasons for its finding. First, the evidence at trial supported "Claude's determination that it is unlikely that Gerino will be able to obtain a bank loan of $800,000 to fund the buy-out." Second, although Gerino testified East-West Bank had "pre-qualified him for an $800,000 loan" the previous year, he "presented no documentation . . . to support that claim" and "did not know the terms of the supposed East-West Bank loan." Third, Gerino was not employed, which could "impede his ability to obtain an $800,000 loan," and he had presented no documentation regarding any other financial resources. Fourth, Gerino's offer to pay rent and the possible savings of avoiding closing costs were not enough to "tip the balance" in favor of his proposal over Claude's. Fifth, though it was possible the property might sell for less than $1.2 million on the open market, it was also possible it could sell for more, and

Claude did not breach his fiduciary duty as trustee "in opting to risk the uncertainty regarding the purchase price on the open market over the uncertainty regarding Gerino's ability to obtain a loan for the buy-out." And sixth, Claude's rejection of Gerino's buy-out proposal did not preclude Gerino from bidding on the property on the open market. Gerino timely appealed.[2]

## DISCUSSION

"'[T]o demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record.' . . . We may and do 'disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt.'" (*Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277; see *County of Sacramento v. Rawat* (2021) 65 Cal.App.5th 858, 870 [contentions not supported "by citation to legal authority and/or the record and reasoned argument" are forfeited].) Gerino's opening brief is difficult to understand, lacks citation to legal authority, and provides only occasional citations to the record. He has therefore failed to demonstrate any error by the probate court justifying reversal.

Gerino's appeal also fails on the merits. The "probate court has wide discretion to make any order and take any action

---

[2] An order granting instructions to a trustee on a petition pursuant to section 17200 is appealable under section 1304, subdivision (a). (*Germino v. Hillyer* (2003) 107 Cal.App.4th 951, 953; see § 1304, subd. (a) [an order granting or denying a petition under section 17200 is appealable].)

necessary or proper to dispose of matters presented by a petition under section 17200. [Citation.] The applicable standard of review is therefore abuse of discretion." (*Manson v. Shepherd* (2010) 188 Cal.App.4th 1244, 1258; see § 17206 [the "court in its discretion may make any orders and take any other action necessary or proper to dispose of the matters presented by the petition"]; *Dunlap v. Mayer* (2021) 63 Cal.App.5th 419, 423 [probate court has "discretion to make orders regarding trusts"].) Under this standard, "'[t]he trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious.'" (*Manson*, at p. 1259.)

According to Gerino, "the heart of this case is: Was I or was I not pre-approved for a purchase loan for the Tracy St property? The answer is Yes. I was pre-approved by East West bank for a purchase loan." Whether Gerino was at some point pre-approved for a purchase loan, however, was not dispositive of whether the probate court should grant Claude and Belinda's petition for instructions to sell the property on the market. Gerino's trial testimony confirmed what is common knowledge among home-buyers applying for a purchase loan: "pre-approval" ≠ approval. Gerino testified that to obtain an $800,000 loan from East West Bank he would have to "resubmit" his application and that it would take (in his "opinion") another four to six months "to get approved" for the loan. The probate court found it unlikely Gerino would obtain that eventual approval, and the court gave good reasons for its doubts, including Gerino's current unemployment, his lack of documentation concerning his financial resources, and his inability, in the "over a year since [he] initially made his buy-out proposal, . . . to obtain a loan from

a bank to consummate the buy-out." Gerino does not challenge these reasons or contest their underlying facts. Thus, even if he was pre-approved for a loan, the probate court's ruling was not an abuse of discretion.

## DISPOSITION

The probate court's order granting Claude and Belinda's petition for instructions is affirmed. The parties are to bear their costs on appeal.

SEGAL, Acting P. J.

We concur:

FEUER, J.

WISE, J.*

---

*      Judge of the Alameda Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.