Filed 12/14/23  Tabb v. Wood CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| CHRIS DAVID TABB,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>MALEE WOOD, as Trustee, etc.,<br><br>    Defendant and Respondent. | B322931<br><br>(Los Angeles County<br>Super. Ct. No. 21STPB07970) |

APPEAL from an order of the Superior Court of Los Angeles County, Gus T. May, Judge.  Affirmed.

Law Office of R. Chris Lim and R. Chris Lim for Plaintiff and Appellant.

Matthew C. Brown for Defendant and Respondent.

When a trust becomes irrevocable, Probate Code section 16061.7 requires the trustee to serve a notice advising, among other things, that any contest to the trust must be filed within 120 days.[1] Plaintiff and appellant Chris David Tabb (Tabb) filed a petition contesting the Jerald Leroy Tabb Living Trust dated October 1, 2020, (the Trust) well beyond that deadline. When confronted with the timeliness problem, he argued the petition was not time barred because the trustee's section 16061.7 notice was invalid because it did not include the trustee's telephone number. The trial court rejected this argument and granted a demurrer to the contest petition without leave to amend. We consider the correctness of this ruling, which includes the trial court's finding that Tabb had not been prejudiced by the asserted deficiency in the section 16061.7 notice.

## I. BACKGROUND

Tabb's father, Jerald Tabb (Jerald), created the Trust in 2020. The terms of the trust provided that, at Jerald's death, the entirety of the Trust property would be distributed to defendant and respondent Malee Wood (Wood)—Jerald's ex-wife and the person named as the successor trustee of the trust. Jerald died in January 2021.

The following month, Wood's attorney served Tabb with a section 16061.7 notice. The one-page document included the name of the settlor and the date the trust was executed, the name of the trustee (Wood) and her mailing address (her lawyer's law office), and the address of the principal place of

---

[1] Undesignated statutory references that follow are to the Probate Code.

2

administration of the Trust.  The notice did not include Wood's telephone number.  The notice did include the following warning in a paragraph printed in all capital letters (without bold typeface but with the underscoring shown): "<u>WARNING</u>: YOU MAY NOT BRING AN ACTION TO CONTEST THE TRUST MORE THAN 120 DAYS FROM THE DATE THIS NOTIFICATION BY THE TRUSTEE IS SERVED UPON YOU OR 60 DAYS FROM THE DAY ON WHICH A COPY OF THE TERMS OF THE TRUST IS MAILED OR PERSONALLY DELIVERED TO YOU DURING THAT 120-DAY PERIOD, WHICHEVER IS LATER."

Nearly six months later, in August 2021, Tabb filed a petition contesting the Trust arguing Jerald lacked capacity and was subject to undue influence.  Tabb asserted his petition was timely—notwithstanding the 120-day period provided by statute and referenced in the section 16061.7 notice—because Wood's notice was defective and she did not serve a signed copy of the trust on the known heirs of the estate.  Attached to the petition as exhibits were the section 16061.7 notice, the trust document, and an email exchange between Tabb's lawyer and Wood's lawyer in March 2021.

Wood demurred to Tabb's contest petition and argued it was untimely because any petition to contest the trust had to be filed no later than June 25, 2021 (the final day of the 120-day period).  Wood also argued the exchange of emails between counsel confirmed Tabb had a signed copy of the trust as of March 5, 2021—which would mean the trust contest petition was still untimely even if measured from 60 days from receipt of a copy of the trust document.

Tabb opposed the demurrer and contended, in pertinent part, that the petition was not time barred because Wood's section 16061.7 notice was legally insufficient for not including Wood's telephone number.[2] Tabb cited *Harustak v. Wilkins* (2000) 84 Cal.App.4th 208, a case that holds a trust contest petition was not time barred because the section 16061.7 notice was defective for not conspicuously formatting the required statutory warning concerning the time to file a contest petition. (*Id.* at 215, 219.)

---

[2]    In relevant part, section 16061.7 provides:  "(g) The notification by trustee shall contain the following information: [¶] (1) The identity of the settlor or settlors of the trust and the date of execution of the trust instrument.  [¶] (2) The name, address, and telephone number of each trustee of the trust.  [¶] (3) The address of the physical location where the principal place of administration of the trust is located, pursuant to Section 17002. [¶] (4) Any additional information that may be expressly required by the terms of the trust instrument.  [¶] (5) A notification that the recipient is entitled, upon reasonable request to the trustee, to receive from the trustee a true and complete copy of the terms of the trust.  [¶] (h) If the notification by the trustee is served because a revocable trust or any portion of it has become irrevocable because of the death of one or more settlors of the trust . . . , the notification by the trustee shall also include a warning, set out in a separate paragraph in not less than 10-point boldface type, or a reasonable equivalent thereof, that states as follows: [¶] 'You may not bring an action to contest the trust more than 120 days from the date this notification by the trustee is served upon you or 60 days from the date on which a copy of the terms of the trust is delivered to you during that 120-day period, whichever is later.'" (§ 16061.7, subds. (g)-(h).)

4

In reply, Wood cited *Germino v. Hillyer* (2003) 107 Cal.App.4th 951, a case that rejected an argument that a trust contest petition could be filed beyond the 120-day timeframe because the section 16061.7 notice omitted one of the pieces of information specified in subdivision (g) of the statue (the advisement that the recipient could request a copy of the trust). (*Id.* at 955-956.)  The *Germino* court held that compliance with the 120-day timeframe can be excused only if the notice recipient can demonstrate he or she was prejudiced by the failure to include the information required by subdivision (g)—which Hillyer could not do.  (*Id.* at 956-957.)

The trial court heard argument on the demurrer at a hearing in June 2022.  During the hearing, the trial court remarked that the missing phone number defect was more like the *Germino* case and Tabb had made no showing of prejudice. Tabb's attorney responded, "Well, your honor, there was no bold face type either and I would request an opportunity to challenge [Wood's reply memorandum]."  The trial court denied that request.

After the hearing, the trial court issued a minute order adopting, with modifications, its tentative ruling sustaining Wood's demurrer to the contest petition without leave to amend. Citing *Germino* as "the more factually analogous case[,]" the trial court rejected Tabb's argument that the section 16061.7 notice was deficient and thereby excused compliance with the 120-day deadline because the court found Tabb did not and could not show prejudice from the omitted phone number.

## II.  DISCUSSION

The only issue properly presented for decision is whether Tabb's trust contest should be deemed timely because Wood's section 16061.7 notice did not include her phone number.  The additional argument that Tabb appears to make now—that the notice was also defective because the statutory warning concerning the time to file a contest was not in bold typeface—is forfeited for failure to adequately raise it below.  (See, e.g., *Zahnleuter v. Mueller* (2023) 88 Cal.App.5th 1294, 1308, fn. 5.)  For reasons we explain, we reject the sole ground for reversal before us; Tabb has not shown he was prejudiced by the absence of a telephone number for Wood in the notice.

To reiterate part of what we earlier reproduced in the margin, subdivision (g) of section 16061.7 requires a notice sent pursuant to the terms of that section to include "[t]he name, address, and telephone number of each trustee of the trust." *Germino* observes that "[s]ection 16061.7, subdivision (g)—unlike subdivision (h)—requires neither a statement in particular terms nor a statement in a particular format." (*Germino, supra*, 107 Cal.App.4th at 956.)  *Germino* accordingly holds that noncompliance with subdivision (g) falls into the class of cases where a "statute does not require a particular form of notice" such that the "cases consistently hold that courts will look to the issue of prejudice when a party seeks to excuse its own failings . . . based on a defect in statutory notice provided by the other party—such as the claimed omission from the trustee's notice in this case." (*Ibid.*)

We follow *Germino*'s approach here and conclude reversal is unwarranted.  Tabb has not explained how he was prejudiced by the absence of Wood's phone number from the section 16061.7

6

notice—and we cannot fathom how he would have been prejudiced under the circumstances. Tabb's attorney was communicating with Wood's attorney at least as early as March 5, 2021. Tabb's attorney had also secured a signed copy of the trust instrument as of that date and was already representing that his client intended to sue. With a ready means of contacting Wood (through her attorney) before expiration of the 120-day period,[3] the absence of Wood's telephone number in the section 16061.7 notice was necessarily harmless.

---

[3]  No one disputes that the trust contest petition would have been timely if filed at any time before June 25, 2021. It was not filed until almost two months later, in August 2021.

7

## DISPOSITION

The trial court's order is affirmed.  Wood is awarded costs on appeal.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


BAKER, J.

We concur:


RUBIN, P. J.


KIM, J.